TERESA C. CHOW (SBN 237694)
E-Mail: tchow@bakerlaw.com
**BAKER & HOSTETLER LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, California 90067-4301
Telephone: 310.820.8800
Facsimile: 310.820.8859

Attorneys for Defendant
TECOVAS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONYA VALENZUELA, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>TECOVAS, INC., a Delaware corporation d/b/a WWW.TECOVAS.COM,<br><br>    Defendant. | Case No.: _____<br><br>[Los Angeles Superior Court Case No. 23STCV17318]<br><br>**DEFENDANT'S NOTICE OF REMOVAL**<br><br>Action Filed:   July 24, 2023<br>Action Removed: May 8, 2024 |

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

Pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendant Tecovas, Inc. ("Defendant") hereby removes the above-captioned action ("Action") from the Superior Court of the State of California, County of Los Angeles (the "State Court") to the United States District Court for the Central District of California, Western Division. In support of the instant Notice of Removal, *Etc.* ("Notice") Defendant states as follows:

DEFENDANT'S NOTICE OF REMOVAL

## JURISDICTION AND VENUE

1. This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. §1332, and removal is proper pursuant to 28 U.S.C. §§ 1441 and 1446 because it is a civil action that satisfies the requirements stated in the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. § 1332(d).

2. This Court is in the judicial district and division embracing the place where the state court action was brought and pending. Specifically, the United States District Court for the Central District of California, Western District, embraces the County of Los Angeles. Thus, this Court is the district court to which this case is properly removed. *See* 28 U.S.C. §§ 1441(a) and 1446(a).

## PROCEDURAL BACKGROUND, AND TIMELINESS OF REMOVAL

3. Plaintiff Sonya Valenzuela ("Plaintiff") initiated this action by filing her complaint (the "Complaint") in the State Court on July 24, 2023, in the action styled *Sonya Valenzuela, individually and on behalf of all others similarly situated, v. Tecovas, Inc., a Delaware corporation d/b/a www.tecovas.com*, Case No. 23STCV17318 (the "State Court Action"). The Complaint alleges that Defendant impermissibly installed "surveillance tools on its website," which enabled "malware companies to wiretap and eavesdrop on all conversations conducted through the website chat feature…" Complaint, p. 2.

4. Plaintiff served Defendant with the Complaint in the State Court Action on August 29, 2023.

5. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(3), as it is being filed within 30 days of Defendant ascertaining on or about May 5, 2024 that State Court Action is or has become removable.

6. Attached hereto and incorporated herein as **Exhibit A** is a true and correct copy of all process, pleadings, and orders served on or by Defendant in the State Court Action.

## CAFA JURISDICTION

7. Pursuant to CAFA, "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). In addition, CAFA provides for jurisdiction in the district courts only where the putative class involves 100 or more members, and where the primary defendants are not States, State Officials, or other governmental entities against whom the district court may be foreclosed from ordering relief. 28 U.S.C. § 1332(d)(5).

8. As set forth below, this is a civil action over which the Court has original subject matter jurisdiction under 28 U.S.C. § 1332(d) because (1) it is a civil action filed as a class action involving more than 100 putative class members; (2) the amount alleged by Plaintiff to be in controversy exceeds $5,000,000, based on newly discovered information; (3) Plaintiff and Defendant are citizens of different states; and (4) no defendant is a state, state official, or government entity.

9. <u>Class Size</u>: the complaint alleges that "Plaintiff does not know the number of Class members but believes the number to be in the tens of thousands." Complaint, ¶ 41. Defendant believed this allegation to be grossly overstated, but only recently ascertained, on or about May 5, 2024, that the putative class consists of approximately 1,634 individuals.

10. <u>Amount in Controversy</u>:[1] Plaintiff seeks to recover actual damages, restitution, punitive damages, and attorney's fees as well as injunctive relief against Defendant. Complaint, ¶¶ 4,5,6, Prayer for Relief. Based on the newly confirmed estimated size of the putative class, Plaintiff's claim for California Invasion of

---

[1] This Notice does not concede and should not be construed as evidence that Defendant violated the legal rights of Plaintiffs or any members of the putative class. The calculation of potential damages presented herein are based on the allegations of the Complaint and the recently ascertained size of the putative class, and are solely for purposes of this Notice.

Privacy Act ("CIPA") statutory damages of $5,000 per putative class member alone far exceeds $5,000,000.00. Adding the other categories of damages sought by Plaintiff, it is now unequivocally clear and certain that the amount in controversy exceeds $5,000,000.00.

## DIVERSITY OF CITIZENSHIP

11. CAFA's diversity requirement is satisfied when any member of a class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2). The citizenship of the parties is determined by their citizenship status at the action's commencement. *See Mann v. City of Tucson*, 782 F.2d 790, 794 (9th Cir. 1986). In the Ninth Circuit, "[a] party's allegation of minimal diversity may be based on 'information and belief.' [citations omitted] The pleading 'need not contain evidentiary submissions.'" *Ehrman v. Cox Communications*, 932 F.3d 1223, 1227 (9th Cir. 2019) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014)).

12. <u>Plaintiff's Citizenship</u>: For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983) ("To show state citizenship for diversity purposes under federal common law a party must . . . be domiciled in the state."). Residence is prima facie evidence of domicile. *State Farm Mutual Auto Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994). "A person's domicile is [his] permanent home, where [he] resides with the intention to remain or to which [he] intends to return." *Id*. Here, as alleged in the Action, Plaintiff was, at the timing of filing the State Court Action, a resident of California. Complaint, ¶ 3. Defendant is informed and believes that Plaintiff is and was a citizen of California at all times relevant hereto.

13. <u>Putative Class Members' Citizenship</u>: Plaintiff brings the Action on behalf of a putative class defined as "[a]ll persons within the state of California who within the statute of limitations period: (1) visited Defendant's website; and (2)

were exposed to the wrongful conduct described above." Complaint, ¶ 40.

14. As set forth below, the putative class members' citizenships are immaterial, as Plaintiff (a citizen of California) and Defendant (a citizen of Delaware and Texas) alone satisfy the minimum diversity of citizenship requirement under CAFA.

15. Tecovas, Inc.'s Citizenship: Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." The United States Supreme Court has concluded that a corporation's "principal place of business" is "where a corporation's officers direct, control, and coordinate the corporation's activities," or its "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). "[I]n practice," a corporation's "nerve center" should "normally be the place where the corporation maintains its headquarters." *Id*.

16. Defendant is now, and was at the time this Action was commenced, a corporation formed in Delaware that maintains its principal place of business in Austin, Texas, where the majority of its officers direct, control, and coordinate its corporate activities. Accordingly, for purposes of diversity jurisdiction, Defendant is a citizen of the States of Delaware and Texas.

17. Minimal Diversity: Defendant satisfies the minimal diversity of citizenship required by CAFA, inasmuch as Plaintiff is a citizen of California and Defendant is a citizen of Delaware and Texas. *See* 28 U.S.C. § 1332(d)(2).

18. Size of the Putative Class: CAFA provides that the district courts shall not have jurisdiction over actions "where the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5). As referenced above, Plaintiffs' putative class is defined as "[a]ll persons within the state of California who within the statute of limitations period: (1) visited Defendant's website; and (2) were exposed to the wrongful conduct described

above." Complaint, ¶ 40. The Complaint also alleges in relevant part that "Plaintiff does not know the number of Class members..." Complaint, ¶ 41. Although the Complaint alleged a potential putative class size of "tens of thousands," Defendant believe that this figure was grossly overstated. On or about May 5, 2024, Defendant's review of records from the estimated putative class period of June 1, 2021 through May 31, 2023 ("Class Period"), which it newly obtained from its former chat vendor, revealed that the putative class size is approximately 1,634 individuals. This figure was calculated by ascertaining the total number of unique chat conversations in the Class Period, and taking from that a percentage equivalent to the percentage of Defendant's total client base in California during the Class Period. Defendant is currently unaware of any other means to ascertain the estimated putative class size.

## AMOUNT IN CONTROVERSY UNDER CAFA

19. Removal is appropriate when it is more likely than not that the amount in controversy exceeds the jurisdictional requirement. Here, that amount is $5,000,000, in the aggregate. *See, e.g.*, *Cohn v. PetsMart, Inc.*, 281 F.3d 837, 839-40 (9th Cir. 2002); *see also*, 28 U.S.C. § 1332(d)(2). Plaintiff does not specifically allege an amount of actual or statutory damages in the Complaint, nor does she allege that the aggregate amount in controversy is less than $5,000,000. Therefore, Defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 84 and 94 (holding defendants need not submit "evidence" establishing CAFA jurisdiction in their removal papers; rather, defendants only need to provide "a short and plain statement of the grounds for removal"); *see also Al-Najjar v. Kindred Healthcare Operating, Inc.*, No. CV 17-6166 PSG (FFMx), 2017 WL 4862067, at *2 (C.D. Cal. Oct. 26, 2017).

20. Here, Plaintiff pleaded causes of action for: (1 – 2) violations of the CIPA, Civil Code § 630, *et seq*.; (3) violations of the California Unauthorized

Access to Computer Data Act, Civil Code § 502, (4) invasion of Privacy under Article I, § 1 of the California Constitution, and (5) California common law invasion of privacy—intrusion upon seclusion. Complaint, ¶¶ 46 – 81. Plaintiff seeks declaratory relief; injunctive relief; statutory, actual, and punitive damages, reasonable attorneys' fees and costs; and "[a]ll other relief that would be just and proper as a matter of law or equity." Complaint, Prayer for Relief ¶¶ 2, 4, 5 – 7.

21.  Plaintiff's CIPA claims alone, if successful, carry statutory damages of at least $5,000 per violation. With approximately 1,634 putative class members, the amount of statutory damages at issue is approximately $8,170,000—well in excess of $5,000,000.

22.  Without conceding that Plaintiff or the putative class members are entitled to or could recover damages in the amount or manner alleged, or at all, the amount in controversy in this Action conservatively exceeds $5,000,000, exclusive of interest and costs, even before considering actual damages, punitive damages, and reasonable attorneys' fees.

## NOTICE

23.  As required by 28 U.S.C. § 1446(d), Defendant is providing written notice of the filing of this Notice of Removal to Plaintiff and is filing a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California in and for the County of Los Angeles.

Respectfully Submitted,

Dated: May 8, 2024          **BAKER & HOSTETLER LLP**

*/s/ Teresa C. Chow*
TERESA C. CHOW

Attorneys for Defendant
TECOVAS, INC.

# PROOF OF SERVICE

I, Amanda Navarro, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1900 Avenue of the Stars, Suite 2700, Los Angeles, CA 90067-4301. On May 8, 2024, I served a copy of the within document(s):

**DEFENDANT'S NOTICE OF REMOVAL**

☑   by transmitting via e-mail or electronic transmission the document(s) listed above to the e-mail address(es) set forth below on this date before 5:00 p.m. and the transmission was reported as complete and without error.

| | |
|---|---|
| SCOTT J. FERRELL, Bar No. 202091<br>DAVID W. REID, Bar No. 267382<br>VICTORIA C. KNOWLES, Bar No. 277231<br>**PACIFIC TRIAL ATTORNEYS**<br>A Professional Corporation<br>4100 Newport Place Drive, Ste. 800<br>Newport Beach, CA 92660<br>Telephone: 949.706.6464<br>Facsimile: 949.706.6469<br>E-Mails: sferrell@pacifictrialattorneys.com<br>dreid@pacifictrialattorneys.com<br>vknowles@pacifictrialattorneys.com | Attorneys for Plaintiff |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. Executed on May 8, 2024, at Los Angeles, California.

*/s/ Amanda Navarro*
Amanda Navarro