# EXHIBIT A

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Scott J. Ferrell (Bar #202091) / Victoria C. Knowles (Bar # 277231)
PACIFIC TRIAL ATTORNEYS, A Professional Corporation
4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660

TELEPHONE NO.: (949) 706-6464          FAX NO.:
ATTORNEY FOR *(Name):* Plaintiff and the Class

**Electronically FILED by
Superior Court of California,
County of Los Angeles
7/24/2023 8:42 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Nunez, Deputy Clerk**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 312 N. Spring Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: SPRING STREET COURTHOUSE

CASE NAME:
Valenzuela, et al. v. Tecovas, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 23STCV17318 |
| | | | JUDGE: |
| | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[X] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [X] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [ ] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action *(specify):* Five (5)
5. This case [X] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 24, 2023

Scott J. Ferrell
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

*LexisNexis® Automated California Judicial Council Forms*

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| Valenzuela, et al. v. Tecovas, Inc. | 23STCV17318 |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| Valenzuela, et al. v. Tecovas, Inc. | |

| | | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | | ☐ 2307 Construction Accidents | 1, 4 |
| | | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

LASC CIV 109 Rev. 01/23

For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Valenzuela, et al. v. Tecovas, Inc. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

LASC CIV 109 Rev. 01/23

For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Valenzuela, et al. v. Tecovas, Inc. | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☑ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 01/23

For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SHORT TITLE<br>Valenzuela, et al. v. Tecovas, Inc. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS:<br>801 Barton Springs Road, 6th Floor |
|---|---|

| CITY:<br>Austin | STATE:<br>TX | ZIP CODE:<br>78704 | |
|---|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the __Central__ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: __07/24/2023__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

Electronically FILED by
Superior Court of California,
County of Los Angeles
7/24/2023 8:42 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Nunez, Deputy Clerk

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

SONYA VALENZUELA, individually and on behalf of all others similarly situated,

      Plaintiff,

      v.

TECOVAS, INC., a Delaware corporation d/b/a WWW.TECOVAS.COM,

      Defendant.

Case No. 23STCV17318

**CLASS ACTION COMPLAINT**

**INTRODUCTION**

Defendant has secretly installed a collection of surveillance tools on its website at **www.tecovas.com** to identify and "dox" every anonymous visitor. Defendant enables the malware companies to wiretap and eavesdrop on all conversations conducted through the website chat feature, access every visitor's device, and extract personal data to identify every visitor by name. Defendant and the malware companies then exploit their knowledge of visitors' identities, habits, and chat topics to bombard visitors with targeted marketing, including unwanted telephone calls and e-mails.

Defendant does all of this without visitors' effective informed consent. As a result, Defendant has violated numerous laws.

**JURISDICTION AND VENUE**

1. Defendant is subject to jurisdiction in this state under Penal Code Section 502(j), which provides that a person who causes, by any means, the access of a computer in California from another jurisdiction is deemed to have personally accessed the computer in California. Defendant is also subject to jurisdiction under California's "long-arm" statute found at California Code of Civil Procedure Section 410.10 because the exercise of jurisdiction over Defendant is not "inconsistent with the Constitution of this state or the United States."

2. Venue is proper in this County in accordance with California Code of Civil Procedure Section 394(b) because "none of the defendants reside in the state." As such, venue is proper "in any county that the plaintiff may designate in his or her complaint."

**PARTIES**

3. Plaintiff is a resident of California. While physically within California within the past year, Plaintiff visited Defendant's Website using a smart phone and conducted a brief conversation with an agent of Defendant through the Website's chat feature. Plaintiff was not advised that the chat was monitored, intercepted, or recorded.

4. Defendant is a Delaware corporation that sells boots and related products throughout the United States via its website and other distribution channels.

5. Defendant owns, operates, and/or controls the above-referenced Website.

**CLASS ACTION COMPLAINT**

## FACTUAL ALLEGATIONS

**A.  The Right to Privacy Has Always Been a Legally Protected Interest in the United States.**

6.      Since America's founding, privacy has been a legally protected interest at the local, state, and federal levels. *See Patel v. Facebook, Inc.*, 932 F.3d 1264, 1271–72 (9th Cir. 2019) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016)) ("Privacy rights have long been regarded 'as providing a basis for a lawsuit in English or American courts.'"); and *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 983 (9th Cir. 2017) ("Violations of the right to privacy have long been actionable at common law.").

7.      More specifically, privacy protections against the disclosure of certain kinds of sensitive personal information are embedded in California statutes and at common law.  *See e.g.*, *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 763 (1989) ("The Ninth Circuit has  repeatedly held that privacy intrusions may constitute "concrete injury" for purposes of Article III standing); *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1041–43 (9th Cir. 2017) (finding "concrete injury" where plaintiffs claimed that unsolicited telemarketing calls "invade the privacy and disturb the solitude of their recipients*"); In re Facebook, Inc. Internet Tracking Litig*., 956 F.3d 589, 599 (9th Cir. 2020) (finding "concrete injury" where Facebook allegedly tracked users' "personally identifiable browsing history" on third party websites); *Patel*, 932 F.3d at 1275 (finding "concrete injury" where plaintiffs claimed Facebook's facial-recognition technology violated users' privacy rights).

8.      In short, privacy is—and has always been—a legally protected interest in many contexts, including specifically with regard to sensitive personal information. Thus, a defendant whose acts or practices violate consumer privacy inflicts an actionable "injury" upon an individual.

**B.  The Right to Privacy Includes The Right To Online Anonymity.**

9.      The right to privacy includes the right to anonymity online.  *In Re Anonymous Online Speakers*, 661 F.3d 1168 (9th Cir. 2011).  Indeed, the "free exchange of ideas on the Internet is driven in large part by the ability of Internet users to communicate anonymously."  *Doe v. 2TheMart.com Inc.*, 140 F. Supp. 2d 1088, 1093 (W.D. Wash. 2001).

10.     Consumer expectations regarding privacy reinforce the actionability of these rights. According to Pew Research Center nearly all Americans believe it is important to (1) be in control of who can get information about their online activities; (2) to not be tracked online without their consent; and (3) to be in control of what information is collected about them.

11.     Accordingly, most people don't want their private online browsing to be associated with their public offline identities.  This is because online anonymity gives the freedom to investigate, explore, and research without fear of social repercussions.  In addition, online anonymity helps prevent security breaches, surveillance and intrusive web-tracking.

**C. The De-Anonymization of Internet Users Poses a Serious Threat to Personal Privacy and the Internet.**

12.     In simple terms, de-anonymization is a process that involves cross-referencing anonymized data with "commercially available information" ("CAI") obtained from grey data markets to reveal an individual's identity.  De-anonymization has been called the "the biggest privacy threat no one is talking about."[1]

13.     As the Director of National Intelligence explained in a January 22, 2022 report (approved for public release on June 5, 2023) (the "DNI Report"), "the volume and sensitivity of CAI have expanded in recent years mainly due to the advancement of digital technology, including location-tracking and other features of smartphones and other electronic devices, and the advertising-based monetization models that underlie many commercial offerings available on the Internet."

14.     The Director of National Intelligence concluded (1) that the existence of these practices poses a threat to national security since it is available to foreign governments since it "clearly provides intelligence value," and (2) that it "raises significant issues related to privacy and civil liberties."

15.     The Director of National Intelligence concluded that the "single most important point" is that the expansion of CAI is "increasingly powerful for intelligence and increasingly sensitive for individual privacy and civil liberties" such that the Intelligence Community "needs to develop more refined policies to govern its acquisition and treatment."

---

[1] https://technoglitz.com/de-anonymization-is-the-biggest-threat-to-privacy-that-no-one-is-talking-about/ (last downloaded July 2023).

**D. Defendant Uses "Identity Resolution" Malware Tools to Access Every Visitor's Device, Reveal Their Identities, and Publicize Their Personal Information to Its Marketing Partners.**

16.    As noted above, internet users have the right to remain anonymous. Nevertheless, some unscrupulous companies sell website owners "identity resolution" malware tools to de-anonymize and track website visitors. Identity resolution is generally defined as "the ability to recognize an individual person, in real-time, by connecting various identifiers from their digital interactions across devices and touchpoints." *See* https://www.fullcontact.com/identity-resolution/ (last downloaded July 2023).

17.    Identity resolution requires the collection of "technical markers" and other clues that digital visitors leave when they use the internet, even though most users "are trying to reveal as little information as possible." *See* https://venturebeat.com/ai/what-is-identity-resolution-its-benefits-challenges-and-best-practices/ (last downloaded July 2023). Those "technical markers" include routing information, locally stored data (sometimes called "cookies"), and idiosyncratic behavior of computers. The techniques have grown much more sophisticated over the years, and modern identity resolution algorithms rely upon dozens of types of details and digital footprints. *Id.*

18.    In short, identity resolution providers aggregate visitor "touchpoints" containing anonymous identifiers to find links between the anonymous identifiers until the data compiled into a dossier about an anonymous individual can be linked to a specific individual by name, age, address, physical location, and more.

19.     The following visual depiction shows an example of how identity resolution providers aggregate dozens of "touchpoints" to identify an anonymous internet user:



20.     In the above example, the identity resolution provider has aggregated and analyzed dozens of anonymous "touchpoints" to reveal the following about a previously anonymous internet user, Mary Smith:

*(a)* Full name *(Mary Smith)*

*(b)* Date of birth *(May 1, 1979)*

*(c)* Gender *(female)*

*(d)* Home address *(2345 Avenue C, Papillion Nebraska)*

*(e)* Marital Status and Family *(Married with two children)*

(f) E-mail address (*Mary.Smith@gmail.com*)

(g) Personal Cell Phone: *(111) 123-4567*

*(h)* Voter Registration Status *(Registered)*

(i) Interests *(Shopping, Cooking, Traveling, Reading, Science)*

(j) Employer *(Karen's Fireside, Inc.)*

(k) Title *(Vice President)*

(l) Work Hours *(Daily 9-5)*

CLASS ACTION COMPLAINT

21.    To identify and "dox" each visitor, Defendant has deployed the following malware tools on its website:

    a. ***Klaviyo*:** Klaviyo's Identity Resolution Malware "automatically cookies and identifies users that click through your email or submit a Klaviyo form, allowing you to capture your customer's activity on your website."  *See*  https://help.klaviyo.com/hc/en-us/articles/13756180653851#:~:text=Klaviyo's%20identity%20capture%20functionality%20automatically,customer's%20activity%20on%20your%20website  (last downloaded July 2023).  Indeed, Klaviyo uses the intrusive nature of its spyware as a marketing tool: *"Fully understand your customers -- Comprehensive profiles paint a full picture of each customer's past, present, and future."* Id.

    b. ***Simon Data/FullContact:*** Simon's Identity Resolution Malware is powered by FullContact software.  https://www.simondata.com/resources/making-identity-resolution-accessible-to-marketers/ (last downloaded July 2023).  FullContact software *"Identifies Anonymous Website Visitors. . .Easily recognize anonymous website visitors, personalize your website, and collect better data to increase conversions."*  *See*  https://www.fullcontact.com/solutions/identify-anonymous-traffic.  (last downloaded July 2023).

22.    Within the statute of limitations period, Plaintiff visited Defendant's website and communicated with Defendant via Defendant's chat feature.  As a result of Defendant's use of identity resolution malware and intrusion onto Plaintiff's device, Defendant: (1) obtained the IP address of Plaintiff; (2) identified Plaintiff's name, location, e-mail, browsing history, and other personal information; and (3) embedded Plaintiff's identity into the malware companies' extensive "gray market CAI" database, which the malware companies share virally with other companies that purchase their products.

23.    As a result of Defendant's wrongful conduct: (1) Plaintiff has been de-anonymized and Plaintiff's personal information has been added to an extensive malware database; (2) Plaintiff has been bombarded with targeted advertising, e-mails, and telephone calls; (3) Plaintiff can no longer surf the web anonymously; and (4) Plaintiff has been exposed to heightened risk of identity theft.

24.     In short, Defendant has deprived Plaintiff of numerous important privacy rights protected under California common law and statutes.  Defendant's conduct amounts to "doxing by deanonymization" and robs Plaintiff of anonymity and obscurity.  As a result, it is now easier for other companies to obtain other types of identity knowledge about Plaintiff and subject Plaintiff to further doxing.  *See Doxing: A Conceptual Analysis, Ethics and Information Technology* (Volume 18, pages 199–210 (2016).

**E.  Defendant's Further Violation of California Invasion of Privacy Act.**

25.     In addition to de-anonymizing and doxing class members, Defendant also allows a malware company to wiretap and eavesdrop upon class member communications through the website chat feature in violation of California law.

26.     CIPA prohibits both wiretapping and eavesdropping of electronic communications without the consent of all parties to the communication.  "'[T]he right to control the nature and extent of the firsthand dissemination of [one's] statements'" is viewed by the California Supreme Court "as critical to the purposes of Section 631[.]"  *Javier v. Assurance IQ, LLC*, 2023 WL 114225, at *6 (N.D. Cal. Jan. 5, 2023) (Breyer, J.) (quoting *Ribas v. Clark*, 38 Cal. 3d 355, 361 (1985)); *Ribas*, 38 Cal. 3d at 360-61 ("a substantial distinction has been recognized between the secondhand repetition of the contents of a conversation and its simultaneous dissemination to an unannounced second auditor, whether that auditor be a person or mechanical device").  "[U]nder Section 631, it has always mattered who is holding the tape recorder[.]"  *Javier*, 2023 WL 114225, at *6.  Compliance with CIPA is easy, and most website operators comply by conspicuously warning visitors if their conversations are being recorded, intercepted, or eavesdropped upon.

27.     Unlike most companies, Defendant *ignores* CIPA.  Instead, Defendant enables and allows the third parties to eavesdrop on all such conversations.  Why?  Because, as one industry expert notes, "*Live chat transcripts are the gold mines of customer service.  At your fingertips, you have valuable customer insight to make informed business decisions. . . .**When people are chatting, you have direct access to their exact pain points.*").  *See* https://www.ravience.co/post/improve-marketing-roi-live-chat-transcripts (last visited July 2023) (emphasis added).

28.     To enable the eavesdropping, Defendant allowed a company called Kustomer to

covertly embed code into Defendant's chat feature.

29.    The secret code is a type of automatic routing software that automatically acquires and transmits user chat communications to Kustomer without any active input from Defendant's employees. The code enables and allows Kustomer to secretly intercept in real time, eavesdrop upon, and store transcripts of Defendant's chat communications with unsuspecting website visitors – even when such conversations are private and personal.   Defendant neither informs visitors of this conduct nor obtains their consent to these intrusions.

30.    One might reasonably wonder why Kustomer would be interested in intercepting and recording the website chat interactions between Defendant and unsuspecting visitors to Defendant's Website.  As shown below, it all about money.

31.    Kustomer's chat software is "integrated" with Meta, Inc.'s subsidiaries like Facebook and WhatsApp.  (Integration allows various software sub-systems to share data to operate as a unified system).  According to Bloomberg.com, this is all part of Meta's secret "**plan to profit from private chats.**"  As Bloomberg explained, Meta's software integration "*can manage customer messages from multiple services on one central dashboard. That's central to Meta's plan to make money off of its two messaging apps, WhatsApp and Messenger.*" *See* https://www.bloomberg.com/news/articles/2022-02-15/meta-closes-1-billion-kustomer-deal-after-regulatory-review (last downloaded March 2023).

32.    So how does it work? *First*, Meta identifies "user interests" by monitoring a collection of "offsite" user activity such as website visits and interactions (including private chat communications between Defendant and visitors) by "integrating" its software with Kustomer and the Identity Resolution Malware Companies identified above.  *Second*, Meta and the Identity Resolution Malware Companies generate revenue based on their ability to identify anonymous internet users, along with their habits, preferences, and interests.  *Third and finally*, after the chat transcripts intercepted by Kustomer are provided to Meta and the Third Party Identity Resolution Malware Companies, visitors are bombarded with targeted advertising, e-mails, and telephone calls.

33.    Through the preceding acts, Meta's boasts that it will "Transform your support center into a profit generator by bulk messaging specific customer segments based on your unique data…to reengage dissatisfied customers."  *See*  https://www.kustomer.com/product/customer-service/ (last

**CLASS ACTION COMPLAINT**

downloaded May 16, 2023( (link preserved but since disabled).

34.     Kustomer does more than merely provide a storage function for Defendant regarding Website users' chat communications with Defendant. As shown above, Kustomer uses its record of Website users' interaction with Defendant's chat feature to enable targeted marketing by Defendant and the Identity Resolution Malware Companies.

35.     Indeed, all of the schemers – Defendant, Kustomer, Meta, and the Identity Resolution Malware Companies – all profit from secretly exploiting their ability to identify anonymous individuals who have visited Defendant's website.  How?  Because "*Targeted advertising allows brands to send different messaging to different consumers based on what the brand knows about the customer. The better a brand can demonstrate that it understands what its customers want and need, the more likely customers respond to advertising and engage with the brand. . . .Social media targeting helps brands leverage consumers' behavior on the web, search engines, and social media sites to present ads that reflect consumer interests.*"[2]

36.     Plaintiff visited Defendant's Website using a smart phone (a cellular telephone with integrated computers to enable web browsing).  As such, Plaintiff conversations through the website chat feature was transmitted from "cellular radio telephony" as defined by CIPA.

37.     By definition, Defendant's chat communications from its Website are transmitted to website visitors by either cellular telephony or landline telephony.  *See* https://www.britannica.com/technology/Internet ("How does the Internet work?") ("*The Internet works through a series of networks that connect devices around the world through telephone lines.*") (last visited May 16, 2023) (emphasis added).

38.     Defendant did not inform Class members that Defendant was secretly allowing, aiding, and abetting Kustomer to intercept and eavesdrop on the conversations during transmission, or that Kustomer provided data from such transcripts to Meta and the malware companies through "integration" with Meta software.

---

[2] *See* https://www.adroll.com/blog/what-is-targeted-advertising#:~:text=Targeted%20advertising%20allows%20brands%20to,and%20engage%20with%20the%20brand (last visited July 2023).

39.     Defendant did not obtain class members' effective consent for the preceding intrusions, nor were class members aware of Defendant's conduct.

## CLASS ALLEGATIONS

40.     Plaintiff brings this action individually and on behalf of all others similarly situated (the "Class") defined as follows:

**All persons within the state of California who within the statute of limitations period: (1) visited Defendant's website; and (2) were exposed to the wrongful conduct described above.**

41.     NUMEROSITY: Plaintiff does not know the number of Class members but believes the number to be in the tens of thousands. The exact identities of Class members may be ascertained by the records maintained by Defendant.

42.     COMMONALITY: Common questions of fact and law exist as to all Class members, and predominate over any questions affecting only individual members of the Class.  Such common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class member, include but are not limited to the following:

a.     Whether Defendant engaged in the wrongful conduct described above;

b.     Whether Plaintiff and Class members are entitled to statutory penalties; and

c.     Whether Class members are entitled to injunctive relief.

43.     TYPICALITY: As a person who visited Defendant's Website, whose privacy was invaded and whose electronic communication was recorded, intercepted and eavesdropped upon, Plaintiff is asserting claims that are typical of the Class.

44.     ADEQUACY: Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the class action litigation.  All individuals with interests that are actually or potentially adverse to or in conflict with the class or whose inclusion would otherwise be improper are excluded.

45.     SUPERIORITY: A class action is superior to other available methods of adjudication because individual litigation of the claims of all Class members is impracticable and inefficient.  Even

if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.

## FIRST CAUSE OF ACTION

### Violations of the California Invasion of Privacy Act

### Cal. Penal Code § 631(a)

46.    "Any person who, by means of any machine, instrument, or contrivance, or in any other manner, [i] intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system, or [ii] who willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state; or [iii] who uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, or [iv] who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section, is punishable by a fine . . . ." *Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d 1073, 1080 (C.D. Cal. 2021) (Holcomb, J.) (line breaks and headings of clauses added for ease of reference) (quoting Cal. Penal Code § 631(a)).

47.    Section 631 of the California Penal Code applies to internet communications and thus applies to Plaintiff's and the Class's electronic communications with Defendant's Website. "Though written in terms of wiretapping, Section 631(a) applies to Internet communications. It makes liable anyone who 'reads, or attempts to read, or to learn the contents' of a communication 'without the consent of all parties to the communication.'" *Javier v. Assurance IQ, LLC*, 2022 WL 1744107, at *1 (9th Cir. 2022); *Yoon*, 549 F. Supp. 3d at 1080 ("Courts agree … that CIPA § 631 applies to communications conducted over the internet.") (citing *Matera v. Google Inc.*, 2016 WL 8200619, at *18 (N.D. Cal. Aug. 12, 2016) (Koh, J.) (holding that second clause of section 631(a) "encompasses email communications, which pass over wires, lines, or cables")); *In re Google Inc. Gmail Litig.*, 2013 WL 5423918, at *21 (N.D. Cal. Sept. 26, 2013) (Koh, J.) ("the Court finds that

section 631 of CIPA applies to emails"); *In re Google Assistant Privacy Litig.*, 457 F. Supp. 3d 797, 826 (N.D. Cal. 2020) (Labson Freeman, J.).

48.    The software embedded on Defendant's Website to record and eavesdrop upon the Class's communications qualifies as a "machine, instrument, contrivance, or … other manner" used to engage in the prohibited conduct alleged herein.  *See In re Facebook Internet Tracking Litig.*, 140 F. Supp. 3d 922, 937 (N.D. Cal. 2015) (stating that "***it is undeniable that a computer may qualify as a 'machine'***" within the meaning of section 631(a)) (emphasis added), *aff'd in part and rev'd in part on other grounds*, 956 F.3d 589 (9th Cir. 2020).

49.    At all relevant times, Defendant intentionally caused the internet communication between Plaintiff and Class Members with Defendant's Website to be recorded.  Defendant also aided and abetted, agreed with, employed, or conspired with Kustomer to wiretap and/or eavesdrop upon such conversations during transmission and in real time by voluntarily embedding the software code.

50.    Defendant knows that Kustomer captures the electronic communications of visitors to Defendant's Website, and pays Kustomer to conduct these activities.

51.    Plaintiff and Class Members did not expressly or impliedly consent to any of Defendant's actions.

52.    A line of materially identical cases is pending in the Central District of California before the Honorable Sunshine S. Sykes.  In the lead case, Judge Sykes held held that the above-described allegations state viable claims for violations of section 631(a) of CIPA.  *See Byars v. The Goodyear Tire & Rubber Co.*, No. 5:22-cv-01358-SSS-KKx, 2023 WL 1788553, at *4 (C.D. Cal. Feb. 3, 2023) (Sykes, J.) ("*Byars contends that Goodyear, using a third-party service, "intercepts in real time" a website visitors' chat conversation. . . . Byars alleges that, using the chat conversation, website visitors share sensitive personal information. . . . . Because Byars has pled sufficient facts to show the contents of the communications and that the communications were intercepted, Byars has sufficiently stated a claim under § 631(a).*") (emphasis added).

53.    Defendant's conduct constitutes numerous discrete violations of Cal. Penal Code § 631(a), entitling Plaintiff and/or Class Members to injunctive relief and statutory damages.

### SECOND CAUSE OF ACTION

**Violations of the California Invasion of Privacy Act**

**Cal. Penal Code § 632.7**

54.     Section 632.7 of California's Penal Code imposes liability upon anyone "who, without the consent of all parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone."

55.     Plaintiff and the class members communicated with Defendant using telephony subject to the mandates and prohibitions of Section 632.7.

56.     Defendant's communication from the chat feature on its Website is transmitted via telephony subject to the mandates and prohibitions of Section 632.7.

57.     As set forth above, Defendant recorded telephony communication without the consent of all parties to the communication in violation of Section 632.7.

58.     As set forth above, Defendant also aided and abetted a third party in the interception, reception, and/or intentional recordation of telephony communication in violation of Section 632.7.

59.     In the lead pending federal case, Judge Sykes held that the above-described allegations state viable claims for violations of section 632.7 of CIPA.  *See Byars v. The Goodyear Tire & Rubber Co.*, No. 5:22-cv-01358, 2023 WL 1788553, at *5 (C.D. Cal. Feb. 3, 2023) (Sykes, J.) ("*Byars' alleged communication with Goodyear occurred via Goodyear's chat feature on its website.  Byars accessed Goodyear's website using her smartphone.  As smartphones are cellular phones with web capabilities, Byars' smartphone falls within the cellular phone category. . . . Because Byars' contends that users of Goodyear's website "share highly sensitive personal data" via Goodyear's chat feature, Byars has sufficiently alleged that website users had a reasonable expectation of privacy and therefore the communications fall within the scope of § 632.7.*") (emphasis added and internal citations omitted).

60.     Defendant's conduct constitutes numerous discrete violations of Cal. Penal Code § 632.7, entitling Plaintiff and/or Class members to injunctive relief and statutory damages.

**THIRD CAUSE OF ACTION**

**CALIFORNIA UNAUTHORIZED ACCESS TO COMPUTER DATA ACT**

**PENAL CODE SECTION 502**

61.    The California Unauthorized Access to Computer Data Act (the "CUCA") makes it unlawful for parties to obtain data from a computer user outside of the scope of the user's authorization.

62.    Specifically, Penal Code Section 502(c) imposes liability on any entity that "knowingly accesses and without permission" (1) uses any computer data, in order to "wrongfully control or obtain" computer data, or (2) "makes use of any data from a computer…"

63.    CUCA provides a private right of action for compensatory damages, punitive damages, and attorneys' fees to any individual harmed by its violation.  *See Facebook, Inc. v. Power Ventures, Inc.*, 2012 WL 542586 (N.D. Cal. Feb. 16, 2012).

64.    By knowingly installing the Identity Resolution Malware to access class member devices and extract their personal information, Defendant violated CUCA.  *See United States v. Christensen*, 828 F.3d 763, 789 (9th Cir. 2015) (violation of CUCA to access a device and use data improperly); and *Gilbert v. City of Sunnyvale* (2005) 130 Cal. App. 4th 1264, 1281 (accessing and without permission making use of any data from a computer system) violates CUCA.

**FOURTH CAUSE OF ACTION**

**CALIFORNIA INVASION OF PRIVACY**

65.    Article I, § 1 of the California Constitution provides, "All people are by nature free and independent and have inalienable rights. Among those are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy."

66.    The phrase "and privacy" was added by an initiative adopted by California voters on November 7, 1972 (the Privacy Initiative). The Privacy Initiative created a private right of action against nongovernmental entities for invasions of privacy.

67.    The California Supreme Court has explained that one of the principal "mischiefs" to which the Privacy Initiative was directed was "the overbroad collection and retention of unnecessary

personal information by government and business interests." *White v. Davis*, 13 Cal.3d 757, 775 (Cal. 1975).

68.    Defendant's conduct in secretly accessing class member devices, gathering highly personal details about them and their browsing history, and sharing that information with malware companies amounts to doxing and violates class members' rights to privacy.

69.    Defendant assisted the malware companies to create etailed dossiers of class members and then share it with and sell it to numerous other companies.

70.    Class members have the right to privacy in their web-browsing history; in how personal information is going to be used; in the right to withhold and not disclose personal information; and all statutory privacy rights codified under federal and California law.

71.    Defendant has intruded on these privacy interests.

72.    Defendant's actions constitute a serious invasion of privacy in that they violate several state laws; disclosed sensitive personal information to third parties; and facilitated the disclosure of class member information by third parties who did not have legal access to their personal information.

73.    Defendant acted with oppression, fraud, or malice.

74.    Class members have been damaged by Defendant's invasion of privacy and are entitled to just compensation in the form of actual and punitive damages.

## FIFTH CAUSE OF ACTION

### INTRUSION UPON SECLUSION

75.    A claim for intrusion upon seclusion requires (1) intrusion into a private place, conversation, or matter; and (2) in a manner highly offensive to a reasonable person.

76.    Defendant intentionally intruded upon class members' solitude and seclusion by (1) secretly accessing their devices to install identity resolution malware without their knowledge or permission; and (2) mining their personal data and sharing it with malware companies.

77.    As set forth above, the right to online privacy is both actionable and expected by consumers.  As such, Defendant's brazen de-anonymization of class members was highly offensive to all reasonable persons.

78.    None of Defendant's actions were authorized.

79.    Defendant violated state criminal and civil laws designed to protect individual privacy and against theft.

80.    Defendant has acted with oppression, fraud, or malice.

81.    Class members are entitled to just compensation in the form of actual damages and punitive damages under this cause of action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief against Defendant:

1.    An order certifying the Class, naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class counsel;

2.    An order declaring Defendant's conduct violates the above-referenced laws;

3.    An order of judgment in favor of Plaintiff and the Class and against Defendant on the causes of action asserted herein;

4.    An order enjoining Defendant's conduct as alleged herein and any other injunctive relief that the Court finds proper;

5.    Statutory, actual, and punitive damages;

6.    Reasonable attorneys' fees and costs; and

7.    All other relief that would be just and proper as a matter of law or equity;

Dated:  July 24, 2023                        PACIFIC TRIAL ATTORNEYS, APC

By:_____
Scott. J. Ferrell
Attorneys for Plaintiff

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES**<br><br>COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012<br><br>**NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | Reserved for Clerk's File Stamp<br><br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>**07/24/2023**<br><br>David W. Slayton, Executive Officer / Clerk of Court<br><br>By: _____ J. Nunez _____ Deputy |
|---|---|
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>23STCV17318 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Yvette M. Palazuelos | 9 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record          David W. Slayton, Executive Officer / Clerk of Court

on 07/25/2023 _____
    (Date)          By J. Nunez _____, Deputy Clerk

### NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE

LACIV 190 (Rev 6/18)
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION

The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS

All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases

Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:** <br> *(AVISO AL DEMANDADO):* <br> TECOVAS, INC., a Delaware corporation d/b/a <br> WWW.TECOVAS.COM, <br><br> **YOU ARE BEING SUED BY PLAINTIFF:** <br> *(LO ESTÁ DEMANDANDO EL DEMANDANTE):* <br> SONYA VALENZUELA, individually and on behalf of all others <br> similarly situated, | *FOR COURT USE ONLY* <br> *(SOLO PARA USO DE LA CORTE)* <br><br> **Electronically FILED by** <br> **Superior Court of California,** <br> **County of Los Angeles** <br> **7/24/2023 8:42 PM** <br> **David W. Slayton,** <br> **Executive Officer/Clerk of Court,** <br> **By J. Nunez, Deputy Clerk** |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado.  Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br> SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES <br> 312 N. Spring Street, Los Angeles, CA  90012 | CASE NUMBER: <br> *(Número del Caso):* <br> 23STCV17318 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Scott J. Ferrell (Bar # 202091) / Victoria C. Knowles (Bar # 277231)
PACIFIC TRIAL ATTORNEYS, APC                                        Phone No.: (949) 706-6464
4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660

| DATE: | | |
|---|---|---|
| *(Fecha)* 07/24/2023 | Clerk, by David W. Slayton, Executive Officer/Clerk of Court | , Deputy |
| | *(Secretario)* J. Nunez | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100  [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465 <br> www.courtinfo.ca.gov <br> *LexisNexis® Automated California Judicial Council Forms*

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

08/11/2023

David W. Slayton, Executive Officer / Clerk of Court

By: _R. Arraiga_ Deputy

COURTHOUSE ADDRESS:
Spring Street Courthouse
312 North Spring Street, Los Angeles, CA 90012

PLAINTIFF:
Sonya Valenzuela

DEFENDANT:
Tecovas, Inc.

**CERTIFICATE OF ELECTRONIC SERVICE**
**CODE OF CIVIL PROCEDURE 1010.6**

CASE NUMBER:
23STCV17318

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served one copy of the _Minute Order and Initial Status Conference Order_ entered herein, on ___08/11/2023___, upon each party or counsel of record in the above entitled action, by electronically serving the document(s) on ___Counsel Scott Ferrell___ at _sferrell@pacifictrialattorneys.com_ on ___08/11/2023___ from my place of business, _Spring Street Courthouse  312 North Spring Street, Los Angeles, CA 90012_ in accordance with standard court practices.

David W. Slayton, Executive Officer / Clerk of Court

Dated: ___08/11/2023___

By: _R. Arraiga_

Deputy Clerk

FILED
Superior Court of California
County of Los Angeles

08/11/2023

David W. Slayton, Executive Officer / Clerk of Court

By: _____ Deputy
          R. Arraiga

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES
**SONYA VALENZUELA vs. TECOVAS, INC.**
**23STCV17318**
**<u>INITIAL STATUS CONFERENCE ORDER</u>**

The Court issues the following Initial Status Conference Order:

Due to the pandemic and the urgent need to avoid court appearances, the parties **MUST** sign up with an e-service provider at least ten (10) court days in advance of the Initial Status Conference and advise the Court, via email to sscdept9@lacourt.org which provider was selected.

This case has been assigned for all purposes to Judge Yvette M. Palazuelos in the Complex Litigation Program.  An **Initial Status Conference is set for <u>October 6, 2023</u>, at 10:00 a.m.**, **in Department 9** located in the Spring Street Courthouse, at United States District Court, 312 N. Spring Street, Los Angeles, California 90012.  Counsel for all the parties are ordered to attend.

Counsel for all parties are ordered to meet and confer regarding the following areas and be prepared to discuss them with the Court at the Initial Status Conference.  Counsel for Plaintiff is to take the lead in preparing a Joint Initial Status Conference Report to be filed and served five (5) court days (**<u>September 29, 2023</u>**) prior to the hearing date. Do **not** use the Judicial Council Form CM-110 (Case Management Statement) for this purpose.

The Joint Initial Status Conference Report must address the following:

1.      Parties and Counsel:  Please list all presently named class representatives and presently named defendants, together with all counsel of record, including counsel's contact and email information.

2.      Potential Additional Parties:  Does any plaintiff presently intend to add more class representatives?  If so, and if known, by what date and by what name?  Does any plaintiff presently intend to name more defendants?  If so, and if known, by what date and by what name?  Does any appearing defendant presently intend to file a cross-complaint?  If so, who will be named.

3.      Adequacy of Proposed Class Representative(s):  If any party believes one or more named plaintiffs might not be an adequate class representative, please explain.  No prejudice will attach to these responses.

4.      Estimated Class Size:  Please discuss and indicate the estimated class size.

5.      Other Actions with Overlapping Class Definitions:  Please list other cases with overlapping class definitions.  Please identify the court, the short caption title, the docket number, and the case status.

6.      Potentially Relevant Arbitration and/or Class Action Waiver Clauses:  Please include a sample of any clause of this sort.   Opposing parties must summarize their views on this issue.

1

7.      Potential Early Crucial Motions:  Opposing counsel are to identify and describe the significant core issues in the case. Counsel then are to identify efficient ways to resolve those issues.  The vehicles include:

- Early motions in limine
- Early motions about particular jury instructions
- Demurrers
- Motions to strike
- Motions for judgment on the pleadings, and
- Motions for summary judgment and summary adjudication.

8.      Class Contact Information:  Does plaintiff need class contact information from the defendant's records?  If so, do the parties consent to an "opt-out" notice process (as approved in Belaire-West Landscape, Inc. V. Superior Court (2007) 149 Cal.App.4th 554, 561) to precede defense delivery of this information to plaintiff's counsel?  If the parties agree on the notice process, who should pay for it?  Should there be a third-party administrator?

9.      Protective Orders:  Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

10.      Discovery:  Please discuss discovery.  Do the parties agree on a plan?  If not, can the parties negotiate a compromise?  At minimum, please summarize each side's views on discovery.  The Court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits.  The Court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) unless a persuasive showing establishes early need.  If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose[1].

11.      Insurance Coverage:  Please state if there is insurance for indemnity or reimbursement.

12.      Alternative Dispute Resolution:  Please discuss ADR and state each party's position about it.  If pertinent, how can the Court help identify the correct neutral and prepare the case for a successful settlement negotiation?

13.      Timeline for Case Management:  Please recommend dates and times for the following:

- The next status conference, if needed.  The court does not schedule status conferences for most cases.  Rather, the court gives deadlines for the filing of motions for class certification with non-appearance case management reviews set a few days after the filing deadlines
- A schedule for alternative dispute resolution, if it is relevant,
- A filing deadline for the motion for class certification, and
- Filing deadlines and descriptions for other anticipated non-discovery motions.

---

[1] California Rule of Court, Rule 3.768.

2

14.     Electronic Filing and Service of Papers:  The Court will issue an Order requiring electronic filing and service.  The parties must select one of the following services:

         Case Anywhere (http://www.caseanywhere.com).
         File & Serve Xpress (https://secure.fileandservexpress.com)

15.     For information on electronic filing in the Complex Courts, please refer to http://www.lacourt.org/division/efiling/pdf/ComplexfilingFAQs.pdf.

         To the extent the parties are unable to agree on the matters to be addressed in the Joint Initial Status Conference Report, the positions of each party or of various parties shall be set forth separately in the Joint Statement.  The parties are encouraged to propose, either jointly or separately, any approaches to case management that they believe will promote the fair and efficient handling of this case.  The Court is particularly interested in identifying potentially dispositive or significant threshold issues the early resolution of which may assist in moving the case toward effective ADR and/or a final disposition.

         Pending further order of this Court, and except as otherwise provided in the Initial Status Conference Order, these proceedings are stayed in their entirety.  This stay shall preclude the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court.  However, each defendant is directed to file a Notice of Appearance for purposes of identification of counsel and preparation of a service list.  The filing of such a Notice of Appearances shall be without prejudice to any challenge to the jurisdiction of the Court, substantive, or procedural challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the parties in managing this complex case through the development of an orderly schedule for briefing and hearings on procedural and substantive challenges to the complaint and other issues that may assist in orderly management.  This stay shall not preclude the parties from continuing informally exchange documents that may assist in their initial evaluation of the issues presented in this case.  However, all outstanding discovery requests are stayed.

         All management stays, including stays of discovery issued by the Court, shall not be considered as a stay per Code of Civil Procedure section 583.310 unless specifically ordered by the Court.

         Remember that when seeking to dismiss or to obtain settlement approval, "[a] dismissal of an entire class action, or of any party or cause of action in a class action, requires Court approval . . . Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail."  If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

         / /

Plaintiffs' counsel is to serve this Initial Status Conference Order on counsel for Defendant, or if counsel is not known, on Defendant within five (5) days of service of this Order.

        If the Complaint has not been served as of the date of this Order, Counsel for Plaintiff is to serve the Complaint within five (5) days of service of this Order.

IT IS SO ORDERED.

DATED: August 11, 2023

                                        YVETTE M. PALAZUELOS
                                        Judge of the Superior Court
                                        Yvette M. Palazuelos / Judge

4

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 9

**23STCV17318**                                                    August 11, 2023
**SONYA VALENZUELA vs TECOVAS, INC.**                                    10:00 AM

Judge: Honorable Yvette M. Palazuelos          CSR: None
Judicial Assistant: R. Arraiga                 ERM: None
Courtroom Assistant: M. Tavakoli               Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Court Order Regarding Newly Filed Class Action;

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has assigned this case to this department for all purposes.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Los Angeles Superior Court, within ten (10) days of service of this order.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 10/06/2023 at 10:00 AM in this department. At least ten (10) days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. Counsel must file a Joint Initial Status Conference Response Statement five (5) court days before the Initial Status Conference.

The Initial Status Conference Order, served concurrently with this Minute Order, is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 9

**23STCV17318**                                                    August 11, 2023
**SONYA VALENZUELA vs TECOVAS, INC.**                               10:00 AM

Judge: Honorable Yvette M. Palazuelos          CSR: None
Judicial Assistant: R. Arraiga                 ERM: None
Courtroom Assistant: M. Tavakoli               Deputy Sheriff: None

Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6. Nothing in this order stays the filing of an Amended Complaint pursuant to Labor Code Section 2699.3(a)(2)(C) by a plaintiff wishing to add a Private Attorney General Act ("PAGA") claim.

For information on electronic filing in the Complex Courts, please refer to https://www.lacourt.org/division/efiling/efiling2.aspx#civil. See, in particular, the link therein for "Complex Civil efiling." Parties shall file all documents in conformity with the Presiding Judge's First Amended General Order of May 3, 2019, particularly including the provisions therein requiring Bookmarking with links to primary documents and citations; that Order is available on the Court's website at the link shown above.

For efficiency in communication with counsel, the complex program requires the parties in every new case to use an approved third-party cloud service that provides an electronic message board. In order to facilitate communication with counsel prior to the Initial Status Conference, the parties must sign-up with the e-service provider at least ten (10) court days in advance of the Initial Status Conference and advise the Court which provider was selected.

The court has implemented LACourtConnect to allow attorneys, self-represented litigants and parties to make audio or video appearances in Los Angeles County courtrooms. LACourtConnect technology provides a secure, safe and convenient way to attend hearings remotely. A key element of the Court's Access LACourt YOUR WAY program to provide services and access to justice, LACourtConnect is intended to enhance social distancing and change the traditional in-person courtroom appearance model. See https://my.lacourt.org/laccwelcome for more information.

This Complex Courtroom does not use Los Angeles Superior Court's Court Reservation ("CRS") portal to reserve motion hearing dates. Rather, counsel may secure dates by calling the Courtroom Assistant at 213-310-70xx with the "xx" being the Department number, e.g. Dept. 1 is 01 and Dept. 10 is 10.

Court reporters are not provided for hearings or trials. The parties should make their own arrangements for any hearing where a transcript is desired.

If you believe a party or witness will need an interpreter, see the court's website for information on how to make such a request in a timely manner. https://www.lacourt.org/irud/UI/index.aspx

Counsel are directed to access the following link for further information on procedures in the

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 9

**23STCV17318**                                                     August 11, 2023
**SONYA VALENZUELA vs TECOVAS, INC.**                                10:00 AM

Judge: Honorable Yvette M. Palazuelos          CSR: None
Judicial Assistant: R. Arraiga                 ERM: None
Courtroom Assistant: M. Tavakoli               Deputy Sheriff: None

Complex litigation Program courtrooms: https://www.lacourt.org/division/civil/CI0042.aspx.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within seven (7) days of service.

Clerk's Certificate of Service By Electronic Service is attached.

Electronically FILED by
Superior Court of California,
County of Los Angeles
8/29/2023 10:45 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By L. Smith, Deputy Clerk

Stephanie Sheridan (CA 135910)
Meegan B. Brooks (CA 298570)
Matthew P. Farrell (CA 342601)
Benesch, Friedlander, Coplan & Aronoff LLP
100 Pine Street, Suite 3100
San Francisco, California 94111
Telephone:   628.600.2250
Facsimile:   628.221.5828
ssheridan@beneschlaw.com
mbrooks@beneschlaw.com
mpfarrell@beneschlaw.com

Attorneys for Defendant TECOVAS, INC.,
d/b/a WWW.TECOVAS.COM

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| SONYA VALENZUELA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TECOVAS, INC., a Delaware corporation d/b/a WWW.TECOVAS.COM,<br><br>Defendant. | Case No. 23STCV17318<br><br>**NOTICE OF APPEARANCE**<br><br>Judge:        Hon. Yvette M. Palazuelos<br>Complaint Filed:    July 24, 2023 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that Stephanie A. Sheridan, Meegan Brooks, and Matthew Farrell of Benesch, Friedlander, Coplan and Aronoff LLP, hereby enters their appearances as counsel of record for Defendant, Tecovas, Inc., in this matter. They are members of the State Bar of California and admitted to practice in the Superior Court County of Los Angeles.

Ms. Sheridan, Ms. Brooks, and Mr. Farrell's address and telephone number are as follows:

Benesch, Friedlander, Coplan & Aronoff LLP
100 Pine Street, Suite 3100
San Francisco, California 94111
Telephone: (628) 600-2250
Facsimile: (628) 221-5828
ssheridan@beneschlaw.com
mbrooks@beneschlaw.com
mpfarrell@beneschlaw.com

Please include the undersigned on service of all pleadings and notices in this action.

Dated:  August 29, 2023                          Respectfully submitted,


                                                 s/ Meegan B. Brooks
                                                 STEPHANIE SHERIDAN (CA 135910)
                                                 MEEGAN B. BROOKS (CA 298570)
                                                 MATTHEW P. FARRELL (CA 342601)
                                                 Benesch, Friedlander, Coplan & Aronoff LLP

                                                 Attorneys for Defendant TECOVAS, INC., d/b/a
                                                 WWW.TECOVAS.COM

NOTICE OF APPEARANCE
Case No. 23STCV17318

POS-050/EFS-050

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:   STATE BAR NO:<br>NAME: Stephanie Sheridan (CA 135910) Meegan Brooks (CA 298570)<br>FIRM NAME: Benesch Friedlander Coplan & Aronoff LLP<br>STREET ADDRESS: 100 Pine Street, Suite 3100<br>CITY: San Francisco   STATE: CA   ZIP CODE: 94111<br>TELEPHONE NO.: 628.600.2250   FAX NO.: 628.221.5828<br>E-MAIL ADDRESS: ssheridan@beneschlaw.com; mbrooks@beneschlaw.com<br>ATTORNEY FOR (name): Defendant Tecovas Inc. | *FOR COURT USE ONLY*<br><br>**Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>8/29/2023 10:45 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By L. Smith, Deputy Clerk** |

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles<br>STREET ADDRESS: 312 North Spring Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Los Angeles, CA 90012<br>BRANCH NAME: Spring Street Courthouse | |
| PLAINTIFF/PETITIONER: Sonia Valenzuela<br><br>DEFENDANT/RESPONDENT: Tecovas, Inc. | CASE NUMBER:<br>23STCV17318 |
| | JUDICIAL OFFICER:<br>Hon. Yvette M. Palazuelos |
| **PROOF OF ELECTRONIC SERVICE** | DEPARTMENT:<br>9 |

1. I am at least 18 years old.

   a. My residence or business address is *(specify):*
100 Pine Street, Suite 3100, San Francisco, CA 94111

   b. My electronic service address is *(specify):*
jlanders@beneschlaw.com

2. I electronically served the following documents *(exact titles):*
NOTICE OF APPEARANCE

   ☐ The documents served are listed in an attachment. *(Form POS-050(D)/EFS-050(D) may be used for this purpose.)*

3. I electronically served the documents listed in 2 as follows:

   a. Name of person served: Scott J. Ferrell

     On behalf of *(name or names of parties represented, if person served is an attorney):*
Plaintiff Sonya Valenzuela

   b. Electronic service address of person served :
sferrell@pacifictrialattorneys.com

   c. On *(date):* August 29, 2023

   ☐ The documents listed in item 2 were served electronically on the persons and in the manner described in an attachment.
*(Form POS-050(P)/EFS-050(P) may be used for this purpose.)*

Date: August 29, 2023

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Jessica Landers
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

Page 1 of 1

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>POS-050/EFS-050 [Rev. February 1, 2017] | **PROOF OF ELECTRONIC SERVICE**<br>**(Proof of Service/Electronic Filing and Service)** | Cal. Rules of Court, rule 2.251<br>*www.courts.ca.gov* |

| ATTORNEY OR PARTY WITHOUT ATTORNEY (name and Address)<br>SCOTT J. FERRELL, (SBN: 202091)<br>PACIFIC TRIAL ATTORNEYS<br>A PROFESSIONAL CORPORATION<br>4100 NEWPORT PLACE DRIVE, SUITE 800<br>NEWPORT BEACH, CA 92660<br><br>TELEPHONE NO.: (949) 706-6464    FAX NO. (Optional): (949) 706-6469<br>E-MAIL ADDRESS (Optional): sferrell@pacifictrialattorneys.com<br>ATTORNEY FOR (Name): PLAINTIFF | FOR COURT USE ONLY<br><br>**Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>9/05/2023 12:00 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By R. Lozano, Deputy Clerk** |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>STREET ADDRESS: 312 N. SPRING STREET<br>MAILING ADDRESS: 312 N. SPRING STREET<br>CITY AND ZIP CODE: LOS ANGELES, CA 90012<br>BRANCH NAME: SPRING STREET COURTHOUSE | |
|---|---|
| PLAINTIFF/PETITIONER: SONYA VALENZUELA, individually and on behalf of all others similarly situated<br><br>DEFENDANT/RESPONDENT: TECOVAS, INC., a Delaware corporation d/b/a TECOVAS COM | CASE NUMBER: **23STCV17318** |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: 1177644PDL |

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.
2.  I served copies of :
    a. ☒  Summons
    b. ☒  Complaint
    c ☒  Alternative Dispute Resolution (ADR) package
    d ☒  Civil Case Cover Sheet *(served in complex cases only)*
    e ☐  cross-complaint
    f. ☒  other *(specify documents):* CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF CASE ASSIGNMENT UNLIMITED CIVIL CASE; FIRST AMENDED GENERAL ORDER ; ORDER PURSUANT TO CCP 1054(a), EXTENDING TIME TO RESPOND BY 30 DAYS WHEN PARTIES AGREE TO EARLY ORGANIZATIONAL MEETING STIPULATION; VOLUNTARY EFFICIENT LITIGATION STIPULATIONS PACKAGE
3.      a. Party served: *(specify name of party as shown on documents served):*
        TECOVAS, INC., a Delaware corporation d/b/a TECOVAS COM
        b. Person served (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made)*(specify name and relationship to the party named in item 3a):*
        Fenton Tran, Representative
4.      Address where the party was served: 455 CAPITOL MALL COMPLEX, STE 217
        SACRAMENTO, CA 95814

5. I served the party *(check proper box)*
    a. ☒ **by personal service**. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 7/28/2023       (2) at: *(time)* 10:22 AM

    b. ☐ **by substituted service**. On *(date):*          at: *(time)*          . I left the documents listed in item 2 with or in the presence of (name and title or relationship to the person indicated in item 3):
        (1) ☐   **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
        (2) ☐   **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
        (3) ☐    **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
        (4) ☐   I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
        (date):          (city):          **or** ☐ a declaration of mailing is attached.
        (5) ☐   I attach a **declaration of diligence** stating actions taken first to attempt personal service.

**Page 1 of 2**

| | |
|---|---|
| PLANTIFF/PETITIONER:  SONYA VALENZUELA, individually and on behalf of all others similarly situated<br><br>DEFENDANT/RESPONDENT:  TECOVAS, INC., a Delaware corporation d/b/a TECOVAS COM | CASE NUMBER:<br><br>**23STCV17318** |

5.  c. ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

      (1) (date):              (1) (city):

      (3) ☐  with two copies of the *Notice and Acknowledgment of Receipt* (form 982(a)(4)) and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt *(form 982(a)(4).)* (Code Civ. Proc., § 415.30.)

      (4) ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

    d. ☐  **by other means** (specify means of service and authorizing code section):

           ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

    a. ☐  as an individual defendant

    b. ☐  as the person sued under the fictitious name of (specify):

    c. ☒  on behalf of (specify): TECOVAS, INC., a Delaware corporation d/b/a TECOVAS COM

        under the following Code of Civil Procedure section:

        ☒  416.10 (corporation)             ☐  415.95 (business organization, form unknown)

        ☐  416.20 (defunct corporation)        ☐  416.60 (minor)

        ☐  416.30 (joint stock company/association)    ☐  416.70 (ward or conservatee)

        ☐  416.40 (association or partnership)      ☐  416.90 (authorized person)

        ☐  416.50 (public entity)             ☐  415.46 (occupant)

                        ☐  other:

7.  **Person who served papers**

    a.  Name: Robert J. Mason

    b.  Address: **800 W. 1ST STREET, SUITE 200-B**
        **LOS ANGELES, CALIFORNIA 90012**

    c.  Telephone number: **(213) 607-9000**

    d.  The fee for service was: $ 99.00

    e.  I am:

      (1) ☐  not a registered California process server.

      (2) ☐  exempt from registration under Business and Professions Code section 22350(b).

      (3) ☒  registered California process server:

          (i) ☐  owner  ☐  Employee ☒ independent contractor.

          (ii) ☒  Registration No.:03-007

          (iii) ☒  County: PLACER

USA Legal Network

8.  ☒  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Or

9.  ☐  I am a California sherif or marshal and I certify that the foregoing is true and correct.

Date: 08-14-23

Robert J. Mason

_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHALL)

_____
(SIGNATURE)

Page 2 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure § 417.10 |

MC–050

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Teresa C. Chow SBN 237694
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA  90025
TELEPHONE NO.: 310.820.8800    FAX NO. *(Optional):* 310.820.8859
E-MAIL ADDRESS *(Optional):* tchow@bakerlaw.com
ATTORNEY FOR *(Name):* Defendant Tecovas, Inc.

**Electronically FILED by
Superior Court of California,
County of Los Angeles
9/26/2023 9:32 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Gnade, Deputy Clerk**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES**
STREET ADDRESS: 312 North Spring Street
MAILING ADDRESS: 312 North Spring Street
CITY AND ZIP CODE: Los Angeles, CA  90012
BRANCH NAME: SPRING STREET COURTHOUSE

CASE NAME: Sonya Valenzuela v. Tecovas, Inc.

| **SUBSTITUTION OF ATTORNEY—CIVIL**<br>**(Without Court Order)** | CASE NUMBER:<br>23STCV17318 |
|---|---|

THE COURT AND ALL PARTIES ARE NOTIFIED THAT *(name):* Tecovas, Inc.                    makes the following substitution:

1. **Former legal representative**    ☐ Party represented self    ☒ Attorney *(name):* Meegan B. Brooks, Esq.
2. **New legal representative**    ☐ Party is representing self*    ☒ Attorney
   a.  Name: Teresa C. Chow, Esq.    b. State Bar No. *(if applicable):* 237694
   c.  Address *(number, street, city, ZIP, and law firm name, if applicable):* Baker & Hostetler LLP, 11601 Wilshire Boulevard,
   Suite 1400, Los Angeles, CA  90025
   d.  Telephone No. *(include area code):*  (310) 820-8800 Telephone; (310) 820-8859 Facsimile
3.  The party making this substitution is a    ☐ plaintiff    ☒ defendant    ☐ petitioner    ☐ respondent    ☐ other *(specify):*

---

**\*NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES**

- **Guardian**       • **Personal Representative**       • **Guardian ad litem**
- **Conservator**    • **Probate fiduciary**            • **Unincorporated**
- **Trustee**        • **Corporation**                     **association**

**If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form
to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.**

---

**NOTICE TO PARTIES WITHOUT ATTORNEYS**
**A party representing himself or herself may wish to seek legal assistance. Failure to take
timely and appropriate action in this case may result in serious legal consequences.**

4.  I consent to this substitution.
    Date: September 26 , 2023
    James Mann, Chief Financial Officer, Tecovas, Inc.    ► *James Mann*
    (TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY)

5 ☒    I consent to this substitution.
    Date: September  26 , 2023
    Meegan B. Brooks, Esq., Benesch, Friedlander,
    Coplan & Aronoff LLP    ► *Meegan Brooks*
    (TYPE OR PRINT NAME)                                    (SIGNATURE OF FORMER ATTORNEY)

6. ☒    I consent to this substitution.
    Date: September 26, 2023
    Teresa C. Chow, Esq., Baker & Hostetler LLP    ► *Teresa Chow*
    (TYPE OR PRINT NAME)                                    (SIGNATURE OF NEW ATTORNEY)

(See reverse for proof of service by mail)                    **Page 1 of 2**

| Form Adopted For Mandatory Use<br>Judicial Council of California<br>MC-050 [Rev. January 1, 2009] | **SUBSTITUTION OF ATTORNEY—CIVIL**<br>**(Without Court Order)** | Code of Civil Procedure, §§ 284(1), 285;<br>Cal. Rules of Court, rule 3.1362<br>*www.courtinfo.ca.gov* |
|---|---|---|

MC–050

| CASE NAME:<br>Sonya Valenzuela v. Tecovas, Inc. | CASE NUMBER:<br>23STCV17318 |
| --- | --- |

## PROOF OF SERVICE BY MAIL
### Substitution of Attorney—Civil

**Instructions:** *After having all parties served by mail with the Substitution of Attorney—Civil, have the person who mailed the document complete this Proof of Service by Mail. An <u>unsigned</u> copy of the Proof of Service by Mail should be completed and served with the document. Give the Substitution of Attorney—Civil and the completed Proof of Service by Mail to the clerk for filing. If you are representing yourself, someone else must mail these papers and sign the Proof of Service by Mail.*

1. I am over the age of 18 and **not a party to this cause. I** am a resident of or employed in the county where the mailing occurred. My residence or business address is *(specify):*

2. I served the Substitution of Attorney—Civil by enclosing a true copy in a sealed envelope addressed to each person whose name and address is shown below and depositing the envelope in the United States mail with the postage fully prepaid.

   (1) Date of mailing:    September 26, 2023    (2) Place of mailing *(city and state):*    Los Angeles, CA

3. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:    September 26, 2023

Nancy L. Brazil
_____
**(TYPE OR PRINT NAME)**

_____
**(SIGNATURE)**

### NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

4. a. Name of person served:    Scott J. Ferrell, Esq., Pacific Trial Attorneys
   b. Address *(number, street, city, and ZIP):*    4100 Newport Place Drive, Suite 800, Newport Beach, CA  92660

   c. Name of person served:
   d. Address *(number, street, city, and ZIP):*

   e. Name of person served:
   f. Address *(number, street, city, and ZIP):*

   g. Name of person served:
   h. Address *(number, street, city, and ZIP):*

   i. Name of person served:
   j. Address *(number, street, city, and ZIP):*

☐ List of names and addresses continued in attachment.

| MC-050 [Rev. January 1, 2009] | **SUBSTITUTION OF ATTORNEY—CIVIL**<br>**(Without Court Order)** | **Page 2 of 2** |
| --- | --- | --- |

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**<br>**Branch Name:** Spring Street Courthouse<br>**Mailing Address:** 312 North Spring Street<br>**City, State and Zip Code:** Los Angeles CA 90012 | |
|---|---|
| **SHORT TITLE:** SONYA VALENZUELA vs TECOVAS, INC.<br><br>**NOTICE OF CONFIRMATION OF ELECTRONIC FILING** | **CASE NUMBER:**<br>23STCV17318 |

The Electronic Filing described by the below summary data was reviewed and accepted by the Superior Court of California, County of LOS ANGELES. In order to process the filing, the fee shown was assessed.

**Electronic Filing Summary Data**

Electronically Submitted By:  Green Filing
Reference Number: 8833249_1
Submission Number: 23LA01491511
Court Received Date: 09/26/2023
Court Received Time: 9:32 pm
Case Number: 23STCV17318
Case Title: SONYA VALENZUELA vs TECOVAS, INC.
Location: Spring Street Courthouse
Case Type: Civil Unlimited
Case Category: Claims Involving Mass Tort
Jurisdictional Amount: Over $25,000
Notice Generated Date: 09/27/2023
Notice Generated Time: 8:23 am

| **Documents Electronically Filed/Received** | **Status** |
|---|---|
| Substitution of Attorney | Accepted |

**Comments**
Submitter's Comments:

Clerk's Comments:

**Electronic Filing Service Provider Information**
Service Provider: Green Filing
Contact: Green Filing
Phone: (801) 448-7268

---

Superior Court of California
County of Los Angeles
,

**Receipt No:** EFM-2023-7069451.1

**Date:**    9/27/23 8:23 AM
**Time:**    9/27/23 8:23 AM

CASE # 23STCV17318
SONYA VALENZUELA vs TECOVAS, INC.

| | |
|---|---:|
| Court Transaction Fee | 2.25 |
| **Case Total:** | 2.25 |

| | |
|---|---:|
| **Total Paid:** | 2.25 |

23LA01491511

1    PACIFIC TRIAL ATTORNEYS
     A Professional Corporation
2    Scott J. Ferrell, Bar No. 202091
     sferrell@pacifictrialattorneys.com
3    Victoria C. Knowles, Bar No. 277231
     vknowles@pacifictrialattorneys.com
4    4100 Newport Place Drive, Ste. 800
     Newport Beach, CA 92660
5    Tel: (949) 706-6464
     Fax: (949) 706-6469
6
     Attorneys for Plaintiff and the Class
7

Electronically FILED by
Superior Court of California,
County of Los Angeles
9/28/2023 12:04 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By E. Thomas, Deputy Clerk

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF LOS ANGELES

10

11   SONYA VALENZUELA, individually and on      Case No.:  23STCV17318
     behalf of all others similarly situated,    Assigned to Honorable Yvette M. Palazuelos
12                                                Dept. 9
                    Plaintiff,
13                                                **NOTICE RE COURT'S ORDER RE NEWLY**
             vs.                                  **FILED CLASS ACTION AND INITIAL**
14                                                **STATUS CONFERENCE**
     TECOVAS, INC., a Delaware corporation d/b/a
15   WWW.TECOVAS.COM,                             Filed: July 24, 2023
                                                  Trail Date: None Set
16                  Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

---
NOTICE RE COURT'S ORDER RE NEWLY FILED CLASS ACTION AND INITIAL STATUS CONFERENCE

1       PLEASE TAKE NOTICE that this matter has been designated as Complex.  Please see the

2  Order attached as Exhibit "A."

3       PLEASE TAKE ADDITIONAL NOTICE of the Initial Status Conference Order attached as

4  Exhibit "B."

5  Dated:  September 28, 2023         PACIFIC TRIAL ATTORNEYS, APC

6

7              By: _____

8              Scott J. Ferrell
                Attorney for Plaintiff and the Class

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 1 -

NOTICE RE COURT'S ORDER RE NEWLY FILED CLASS ACTION AND INITIAL STATUS CONFERENCE

# EXHIBIT A

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Spring Street Courthouse, Department 9

23STCV17318
**SONYA VALENZUELA vs TECOVAS, INC.**

August 11, 2023
10:00 AM

| | |
|---|---|
| Judge: Honorable Yvette M. Palazuelos | CSR: None |
| Judicial Assistant: R. Arraiga | ERM: None |
| Courtroom Assistant: M. Tavakoli | Deputy Sheriff: None |

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Court Order Regarding Newly Filed Class Action;

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has assigned this case to this department for all purposes.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Los Angeles Superior Court, within ten (10) days of service of this order.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 10/06/2023 at 10:00 AM in this department. At least ten (10) days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. Counsel must file a Joint Initial Status Conference Response Statement five (5) court days before the Initial Status Conference.

The Initial Status Conference Order, served concurrently with this Minute Order, is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Spring Street Courthouse, Department 9

**23STCV17318**
**SONYA VALENZUELA vs TECOVAS, INC.**

August 11, 2023
10:00 AM

Judge: Honorable Yvette M. Palazuelos
Judicial Assistant: R. Arraiga
Courtroom Assistant: M. Tavakoli

CSR: None
ERM: None
Deputy Sheriff: None

Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6. Nothing in this order stays the filing of an Amended Complaint pursuant to Labor Code Section 2699.3(a)(2)(C) by a plaintiff wishing to add a Private Attorney General Act ("PAGA") claim.

For information on electronic filing in the Complex Courts, please refer to https://www.lacourt.org/division/efiling/efiling2.aspx#civil. See, in particular, the link therein for "Complex Civil efiling." Parties shall file all documents in conformity with the Presiding Judge's First Amended General Order of May 3, 2019, particularly including the provisions therein requiring Bookmarking with links to primary documents and citations; that Order is available on the Court's website at the link shown above.

For efficiency in communication with counsel, the complex program requires the parties in every new case to use an approved third-party cloud service that provides an electronic message board. In order to facilitate communication with counsel prior to the Initial Status Conference, the parties must sign-up with the e-service provider at least ten (10) court days in advance of the Initial Status Conference and advise the Court which provider was selected.

The court has implemented LACourtConnect to allow attorneys, self-represented litigants and parties to make audio or video appearances in Los Angeles County courtrooms. LACourtConnect technology provides a secure, safe and convenient way to attend hearings remotely. A key element of the Court's Access LACourt YOUR WAY program to provide services and access to justice, LACourtConnect is intended to enhance social distancing and change the traditional in-person courtroom appearance model. See https://my.lacourt.org/laccwelcome for more information.

This Complex Courtroom does not use Los Angeles Superior Court's Court Reservation ("CRS") portal to reserve motion hearing dates. Rather, counsel may secure dates by calling the Courtroom Assistant at 213-310-70xx with the "xx" being the Department number, e.g. Dept. 1 is 01 and Dept. 10 is 10.

Court reporters are not provided for hearings or trials. The parties should make their own arrangements for any hearing where a transcript is desired.

If you believe a party or witness will need an interpreter, see the court's website for information on how to make such a request in a timely manner. https://www.lacourt.org/irud/UI/index.aspx

Counsel are directed to access the following link for further information on procedures in the

Minute Order                                                                 Page 2 of 3

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 9

**23STCV17318**                                            August 11, 2023
**SONYA VALENZUELA vs TECOVAS, INC.**                      10:00 AM

Judge: Honorable Yvette M. Palazuelos         CSR: None
Judicial Assistant: R. Arraiga                ERM: None
Courtroom Assistant: M. Tavakoli              Deputy Sheriff: None

Complex litigation Program courtrooms: https://www.lacourt.org/division/civil/CI0042.aspx.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference
Order on all parties forthwith and file a Proof of Service in this department within seven (7) days
of service.

Clerk's Certificate of Service By Electronic Service is attached.

Minute Order                                              Page 3 of 3

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

Spring Street Courthouse
312 North Spring Street, Los Angeles, CA 90012

PLAINTIFF:

Sonya Valenzuela

DEFENDANT:

Tecovas, Inc.

| | Reserved for Clerk's File Stamp |
|---|---|
| | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>08/11/2023<br><br>David W. Slayton, Executive Officer / Clerk of Court<br><br>By: _____ R. Arraiga _____ Deputy |

## CERTIFICATE OF ELECTRONIC SERVICE
## CODE OF CIVIL PROCEDURE 1010.6

CASE NUMBER:

23STCV17318

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served one copy of the __Minute Order and Initial Status Conference Order__

entered herein, on ___08/11/2023___, upon each party or counsel of record in the above entitled action, by electronically serving the document(s) on _____Counsel Scott Ferrell_____ at ___sferrell@pacifictrialattorneys.com___ on ___08/11/2023___ from my place of business, __Spring Street Courthouse  312 North Spring Street, Los Angeles, CA 90012__

in accordance with standard court practices.

David W. Slayton, Executive Officer / Clerk of Court

Dated: __08/11/2023__

By: __R. Arraiga__

Deputy Clerk

# EXHIBIT B

FILED
Superior Court of California
County of Los Angeles

08/11/2023

David W. Slayton, Executive Officer / Clerk of Court

By: _____  Deputy
              R. Arraiga

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES
**SONYA VALENZUELA vs. TECOVAS, INC.**
**23STCV17318**
**INITIAL STATUS CONFERENCE ORDER**

The Court issues the following Initial Status Conference Order:

Due to the pandemic and the urgent need to avoid court appearances, the parties **MUST** sign up with an e-service provider at least ten (10) court days in advance of the Initial Status Conference and advise the Court, via email to sscdept9@lacourt.org which provider was selected.

This case has been assigned for all purposes to Judge Yvette M. Palazuelos in the Complex Litigation Program. An **Initial Status Conference is set for October 6, 2023, at 10:00 a.m.**, **in Department 9** located in the Spring Street Courthouse, at United States District Court, 312 N. Spring Street, Los Angeles, California 90012. Counsel for all the parties are ordered to attend.

Counsel for all parties are ordered to meet and confer regarding the following areas and be prepared to discuss them with the Court at the Initial Status Conference. Counsel for Plaintiff is to take the lead in preparing a Joint Initial Status Conference Report to be filed and served five (5) court days (**September 29, 2023**) prior to the hearing date. Do **not** use the Judicial Council Form CM-110 (Case Management Statement) for this purpose.

The Joint Initial Status Conference Report must address the following:

1.      Parties and Counsel: Please list all presently named class representatives and presently named defendants, together with all counsel of record, including counsel's contact and email information.

2.      Potential Additional Parties: Does any plaintiff presently intend to add more class representatives? If so, and if known, by what date and by what name? Does any plaintiff presently intend to name more defendants? If so, and if known, by what date and by what name? Does any appearing defendant presently intend to file a cross-complaint? If so, who will be named.

3.      Adequacy of Proposed Class Representative(s): If any party believes one or more named plaintiffs might not be an adequate class representative, please explain. No prejudice will attach to these responses.

4.      Estimated Class Size: Please discuss and indicate the estimated class size.

5.      Other Actions with Overlapping Class Definitions: Please list other cases with overlapping class definitions. Please identify the court, the short caption title, the docket number, and the case status.

6.      Potentially Relevant Arbitration and/or Class Action Waiver Clauses: Please include a sample of any clause of this sort. Opposing parties must summarize their views on this issue.

1

7.    Potential Early Crucial Motions:  Opposing counsel are to identify and describe the significant core issues in the case. Counsel then are to identify efficient ways to resolve those issues.  The vehicles include:

- Early motions in limine
- Early motions about particular jury instructions
- Demurrers
- Motions to strike
- Motions for judgment on the pleadings, and
- Motions for summary judgment and summary adjudication.

8.    Class Contact Information:  Does plaintiff need class contact information from the defendant's records?  If so, do the parties consent to an "opt-out" notice process (as approved in Belaire-West Landscape, Inc. V. Superior Court (2007) 149 Cal.App.4th 554, 561) to precede defense delivery of this information to plaintiff's counsel?  If the parties agree on the notice process, who should pay for it?  Should there be a third-party administrator?

9.    Protective Orders:  Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

10.    Discovery:  Please discuss discovery.  Do the parties agree on a plan?  If not, can the parties negotiate a compromise?  At minimum, please summarize each side's views on discovery.  The Court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits.  The Court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) unless a persuasive showing establishes early need.  If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose[1].

11.    Insurance Coverage:  Please state if there is insurance for indemnity or reimbursement.

12.    Alternative Dispute Resolution:  Please discuss ADR and state each party's position about it.  If pertinent, how can the Court help identify the correct neutral and prepare the case for a successful settlement negotiation?

13.    Timeline for Case Management:  Please recommend dates and times for the following:

- The next status conference, if needed.  The court does not schedule status conferences for most cases.  Rather, the court gives deadlines for the filing of motions for class certification with non-appearance case management reviews set a few days after the filing deadlines
- A schedule for alternative dispute resolution, if it is relevant,
- A filing deadline for the motion for class certification, and
- Filing deadlines and descriptions for other anticipated non-discovery motions.

---

[1] California Rule of Court, Rule 3.768.

14.     Electronic Filing and Service of Papers:  The Court will issue an Order requiring electronic filing and service.  The parties must select one of the following services:

Case Anywhere (http://www.caseanywhere.com).
File & Serve Xpress (https://secure.fileandservexpress.com)

15.     For information on electronic filing in the Complex Courts, please refer to http://www.lacourt.org/division/efiling/pdf/ComplexefilingFAQs.pdf.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Initial Status Conference Report, the positions of each party or of various parties shall be set forth separately in the Joint Statement.  The parties are encouraged to propose, either jointly or separately, any approaches to case management that they believe will promote the fair and efficient handling of this case.  The Court is particularly interested in identifying potentially dispositive or significant threshold issues the early resolution of which may assist in moving the case toward effective ADR and/or a final disposition.

Pending further order of this Court, and except as otherwise provided in the Initial Status Conference Order, these proceedings are stayed in their entirety.  This stay shall preclude the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court.  However, each defendant is directed to file a Notice of Appearance for purposes of identification of counsel and preparation of a service list.  The filing of such a Notice of Appearances shall be without prejudice to any challenge to the jurisdiction of the Court, substantive, or procedural challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the parties in managing this complex case through the development of an orderly schedule for briefing and hearings on procedural and substantive challenges to the complaint and other issues that may assist in orderly management.  This stay shall not preclude the parties from continuing informally exchange documents that may assist in their initial evaluation of the issues presented in this case.  However, all outstanding discovery requests are stayed.

All management stays, including stays of discovery issued by the Court, shall not be considered as a stay per Code of Civil Procedure section 583.310 unless specifically ordered by the Court.

Remember that when seeking to dismiss or to obtain settlement approval, "[a] dismissal of an entire class action, or of any party or cause of action in a class action, requires Court approval . . . Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail."  If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

/ /

Plaintiffs' counsel is to serve this Initial Status Conference Order on counsel for Defendant, or if counsel is not known, on Defendant within five (5) days of service of this Order.

If the Complaint has not been served as of the date of this Order, Counsel for Plaintiff is to serve the Complaint within five (5) days of service of this Order.

IT IS SO ORDERED.

DATED: August 11, 2023

YVETTE M. PALAZUELOS
Judge of the Superior Court
Yvette M. Palazuelos / Judge

4

1

2

3

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF ORANGE**

4

     I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 4100 Newport Place, Suite 800, Newport Beach, CA 92660.

5

6

     On September 28, 2023, I served the foregoing document described as **NOTICE RE COURT'S ORDER RE NEWLY FILED CLASS ACTION AND INITIAL STATUS CONFERENCE** on the following person(s) in the manner indicated:

7

8

**SEE ATTACHED SERVICE LIST**

9

10

☐    (BY MAIL)  I am familiar with the practice of Pacific Trial Attorneys for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Pacific Trial Attorneys, Newport Beach, California, following ordinary business practices.

11

12

13

14

☐    (BY OVERNIGHT FEDERAL EXPRESS)  I am familiar with the practice of Pacific Trial Attorneys for collection and processing of correspondence for delivery by overnight courier. Correspondence so collected and processed is deposited in a box or other facility regularly maintained by Federal Express that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by Federal Express with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by Federal Express at Pacific Trial Attorneys, Newport Beach, California, following ordinary business practices.

15

16

17

18

19

☐    (BY HAND DELIVERY)  I am familiar with the practice of Pacific Trial Attorneys for collection and processing of correspondence for hand delivery by courier. I caused such document t be delivered by hand to the addressee(s) designated.

20

21

☐    (BY ELECTRONIC SERVICE)  I am causing the document(s) to be served by email from the electronic notification address of mgreenfield@pacifictrialattorneys.com the document described above on the date shown below to the email addresses of the persons listed in the attached service list.

22

23

24

☒    (BY ELECTRONIC SERVICE via USA Legal) I am electronically serving the document described above and a copy of this declaration to the person, on the date shown below, to the email addresses of the persons listed in the attached service list. I am readily familiar with the business' practice for filing electronically, and that the document would be electronically served the same day in the ordinary course of business following ordinary business practices.

25

26

27

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on September 28, 2023, at Newport Beach, California.

28

Melojean Greenfield

1

2

## SERVICE LIST

3

4

5

6

7

Teresa C. Chow
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025
Telephone No.: 310.820.8800
Fax No.: 310.820.8859
E-Mail: tchow@bakerlaw.com

Attorneys for Defendant,
TECOVAS, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
Victoria C. Knowles, Bar No. 277231
vknowles@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

**BAKER & HOSTETLER LLP**
Teresa C. Chow, Bar No. 237694
tchow@bakerlaw.com
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Tel: (310) 820-8800
Fax: (310) 820-8859

Attorneys for Defendant
TECOVAS, INC.

Electronically FILED by
Superior Court of California,
County of Los Angeles
9/29/2023 11:16 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Gnade, Deputy Clerk

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| SONYA VALENZUELA, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>TECOVAS, INC., a Delaware corporation d/b/a WWW.TECOVAS.COM,<br><br>    Defendant. | Case No.: 23STCV17318<br>Assigned to Honorable Yvette M. Palazuelos<br>Dept. 9<br><br>**JOINT INITIAL STATUS CONFERENCE REPORT**<br><br>Date: October 6, 2023<br>Time: 10:00 a.m.<br><br>Action filed: July 24, 2023 |

Pursuant to the Court's Initial Status Conference Order issued August 11, 2023, Plaintiff Sonya Valenzuela ("Plaintiff") and Defendant Tecovas, Inc. ("Defendant," and collectively with Plaintiff, the "Parties") hereby submit the instant Joint Initial Status Conference Report.

## 1.    PARTIES AND COUNSEL

Attorneys for Plaintiff, Sonya Valenzuela, and the Putative Class:

Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
Victoria C. Knowles, Bar No. 277231
vknowles@pacifictrialattorneys.com
PACIFIC TRIAL ATTORNEYS, APC
4100 Newport Place Drive, Suite 800
Newport Beach, CA  92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Defendant, Tecovas, Inc.

Teresa C. Chow, Bar No. 237694
tchow@bakerlaw.com
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025
Tel: (310) 820-8800
Fax: (310) 820-8859

## 2.    POTENTIAL ADDITIONAL PARTIES

The Parties do not currently anticipate the addition of any other parties or class representatives.

## 3.    ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S)

Plaintiff submits that she is an adequate class representative.

Defendant contends that it is premature at this juncture to make such a determination, and reserves the right challenge the adequacy of Plaintiff as a class representative.

## 4.    ESTIMATED CLASS SIZE

Discovery in this action is yet to commence and as such, the estimated class size is speculative; however, due to the nature of the trade and commerce involved with Defendant's business, Plaintiff estimates the class could be in the tens of thousands of members.

Defendant agrees that any estimated class size is speculative, and also contends that, as defined,

the size and identities of putative class members are not ascertainable.

**5.    OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS**

The Parties are unaware of any other pending actions with an overlapping class definition.

**6.    POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES**

The Parties are unaware of any applicable arbitration or class action waiver clauses.

**7.    POTENTIAL EARLY CRUCIAL MOTIONS**

Plaintiff does not anticipate any early crucial motions.

Defendant anticipates that it may file a motion to dismiss for lack of personal jurisdiction, a demurrer, and/or a motion to strike.  If these motions do not dispose of all claims alleged, Defendant may bring an early motion for summary judgment and/or adjudication ("MSJ").

**8.    CLASS CONTACT INFORMATION**

Plaintiff submits that it needs class contact information from Defendant's records but will seek this information if/when the class is certified. Plaintiff believes the Class members should be able to opt-out upon notice. If/when a class is certified, Plaintiff alleges Defendant should pay for class notice. Plaintiff believes there should be a third-party administrator for class notice.

Defendant agrees that discovery of any ascertainable class contact information should be deferred at the very least unless and until after the class is certified.  Defendant reserves the right to assert additional objections to any discovery that seeks information regarding class members at that time.  Defendant denies and disputes that the putative class as defined is ascertainable, and that Plaintiff's claims can be certified in a class action.  Defendant contends that disclosure of any ascertainable class contact information must be pursuant to an appropriate protective order, and an opt-in procedure pursuant to which Plaintiff pays 100% of the costs of notice administration.

**9.    PROTECTIVE ORDERS**

The Parties will meet and confer on a mutually agreeable form of protective order, using the Los Angeles Superior Court Model Stipulation and Protective Order as a preliminary guide.

4855-7453-0435.3

**10.    DISCOVERY**

Plaintiff opposes strictly phased discovery and alleges that discovery split into so-called merits discovery and class discovery is artificial as there is often overlap between class procedural requirements and merits issues but will defer to the Court on this issue. *Fireside Bank v. Superior Court*, 40 Cal.4th 1069, 1091-92 (2007) (In determining whether procedural class requirements are met, a trial court is not precluded from considering how various claims and defenses relate and may affect the course of litigation, considerations that may overlap with the case's merits); *Linder v. Thrifty Oil Co.*, 23 Cal.4th 429, 443 (2000) ("[I]ssues affecting the merits of a case may be enmeshed with class action requirements…")  However, Plaintiff will defer to the Court and will seek class discovery and limit merits discovery to what is necessary to properly certify the Class should the Court so order.

Plaintiff proposes a first round of written discovery and/or a deposition of Defendant's person most knowledgeable to seek information related to the allegations contained in the Complaint, including the use of spyware and de-anonymization tools, and discovery related to the chat feature on the website. Plaintiff intends to complete non-expert fact discovery for class certification by June 2024.

If Defendant does not prevail on a motion to dismiss for lack of personal jurisdiction, demurrer, and/or motion to strike, once the pleadings are at issue, Defendant may file an early MSJ on Plaintiff's individual claims.  Defendant requests that the Court issue a case management order that phases the proceedings in the case such that, once the pleadings are at issue, Defendant's MSJ on Plaintiff's individual claims is ruled on before the Parties commence any class-certification discovery and related motion practice.  Defendant proposes the following phasing for this case:

- Phase 1 (Preliminary Motion Practice):  The Court would set a deadline not earlier than 30 days after the Initial Status Conference for Defendant to file any jurisdictional challenge or, if no jurisdictional challenge is made, to file any other pleadings challenge. If a jurisdictional challenge is filed and overruled, Defendant shall file any other pleadings challenge within 30 days.  During this phase, and until any pleadings challenges are adjudicated and the pleadings are at issue, discovery shall be stayed.

- Phase 2 (Early MSJ):  This Phase shall commence if and when the pleadings become at

issue.  In this phase, discovery and related motion practice shall be limited to Plaintiff's individual claims, and will culminate with an early MSJ filed by Defendant no later than 120 days after commencement of this phase.

- Phase 3 (Class Certification):  This phase shall commence after either (a) Defendant does not file an early MSJ by the deadline set forth above, or (b) the Court rules on Defendant's early MSJ and any of Plaintiff's individual claims survive.  Upon commencement of this phase, a Further Status Conference would be held to set discovery, briefing, and hearing schedule for any motion regarding class certification, including any necessary expert discovery cut-off dates related to class certification issues.  Class certification discovery will close upon the close of briefing on Plaintiff's motion for class certification.

- Phase 4 (Remining Proceedings): This phase shall commence after the Court rules on the issue of class certification.  Upon commencement of this phase, a Further Status Conference would be held to address what remains to be adjudicated in the case, including (if applicable) merits discovery on any certified class claims, motions to decertify and/or for summary judgment, pretrial conference, and trial.

Defendant respectfully contends that such phasing is in the best interests of judicial economy, overall efficiency, and fairness to the Parties, particularly given that the outcome of the early dispositive motion(s) on the Phase 2 issues could be dispositive of further litigation before this Court and/or most of Plaintiff's individual claims in this action.  Defendant submits that this putative class action requires this type of judicial management to avoid placing unnecessary burdens on the Court or litigants, and to expedite the case, keep costs reasonable, and promote efficient decision-making by the Court, the parties, and counsel.  Thus, Defendant respectfully requests that the action be phased as set forth above.

In the event that the Court declines to adopt Defendant's proposed phasing, it reiterates its request that, at the very least, case scheduling and discovery be stayed until after the pleadings are at issue.

**11.    INSURANCE COVERAGE**

At-Bay is Defendant's insurance carrier in connection with the claims alleged in the above-

captioned action.

**12.    ALTERNATIVE DISPUTE RESOLUTION**

Plaintiff does not believe that alternative dispute resolution will be productive at this time but agree to revisit the issue after completing discovery and before moving for class certification.

Defendant is amenable to alternative dispute resolution at an appropriate time, and open to exploring whether early resolution is feasible prior to expenditure of party resources on pleadings challenges, and costly discovery and litigation.

**13.    TIMELINE FOR CASE MANAGEMENT**

The Initial Status Conference is set for October 6, 2023 at 10:00 a.m.  Defendant filed a notice of Substitution of Counsel three days ago, on September 26, 2023.

Plaintiff proposes that Plaintiff's motion for class certification be due in June 2024, any motions for summary judgment by due in September 2024, and that trial be set in December 2024.

Defendant proposes the timeline set forth in Section 10, above.

**14.    ELECTRONIC FILING AND SERVICE OF PAPERS**

The Parties agree to utilize CaseAnywhere for e-service of papers.

Dated:  September 29, 2023                    PACIFIC TRIAL ATTORNEYS, APC

By: _____
Scott. J. Ferrell
Attorneys for Plaintiff and the Putative Class


Dated:  September 29, 2023                    BAKER & HOSTETLER LLP

By: ____/s/ Teresa C. Chow_____
Teresa C. Chow
Attorneys for Defendant
TECOVAS, INC.

4855-7453-0435.3

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 4100 Newport Place, Suite 800, Newport Beach, CA 92660.

On September 29, 2023, I served the foregoing document described as **JOINT INITIAL STATUS CONFERENCE STATEMENT** on the following person(s) in the manner indicated:

**SEE ATTACHED SERVICE LIST**

☐     (BY MAIL) I am familiar with the practice of Pacific Trial Attorneys for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Pacific Trial Attorneys, Newport Beach, California, following ordinary business practices.

☐     (BY OVERNIGHT FEDERAL EXPRESS) I am familiar with the practice of Pacific Trial Attorneys for collection and processing of correspondence for delivery by overnight courier. Correspondence so collected and processed is deposited in a box or other facility regularly maintained by Federal Express that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by Federal Express with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by Federal Express at Pacific Trial Attorneys, Newport Beach, California, following ordinary business practices.

☐     (BY HAND DELIVERY) I am familiar with the practice of Pacific Trial Attorneys for collection and processing of correspondence for hand delivery by courier. I caused such document t be delivered by hand to the addresse(s) designated.

☐     (BY ELECTRONIC SERVICE) I am causing the document(s) to be served by email from the electronic notification address of mgreenfield@pacifictrialattorneys.com the document described above on the date shown below to the email addresses of the persons listed in the attached service list.

☒     (BY ELECTRONIC SERVICE via USA Legal) I am electronically serving the document described above and a copy of this declaration to the person, on the date shown below, to the email addresses of the persons listed in the attached service list. I am readily familiar with the business' practice for filing electronically, and that the document would be electronically served the same day in the ordinary course of business following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on September 29, 2023, at Newport Beach, California.

_____
Mandy K. Jung

6
**JOINT INITIAL STATUS CONFERENCE REPORT**

4855-7453-0435.3

1

**SERVICE LIST**

2      Teresa C. Chow                          Attorneys for Defendant,
       BAKER & HOSTETLER LLP                    TECOVAS, INC.
3      11601 Wilshire Boulevard, Suite 1400
       Los Angeles, CA 90025
4      Telephone No.: 310.820.8800
       Fax No.: 310.820.8859
5      E-Mail: tchow@bakerlaw.com

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FILED
Superior Court of California
County of Los Angeles

10/06/2023

David W. Slayton, Executive Officer / Clerk of Court

By: _____ Deputy
R. Arraiga

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

**SONYA VALENZUELA v. TECOVAS, INC.**

**23STCV17318**

**CASE MANAGEMENT ORDER**

This action has been designated as complex pursuant to CRC 3.400(a), and thus requires exceptional judicial management. All provisions of this CMO are deemed necessary to carry out the purposes of Rule 3.400(a), and to promote effective decision-making by the Court. They are based upon individual consideration of this complex action, including the Status Conference Reports previously filed by the parties.

1.       Defendant states that it wants to file a motion to dismiss, a demurrer and /or a motion to strike.

2.       The Court lifts the stay to permit Defendant to file the above-described motions. The Motions **must** be filed and served by **November 9, 2023**. Defendant must call the Court **PRIOR** to filing and serving to obtain a hearing date and briefing schedule.  The Court sets a **Non-Appearance Case Review for November 16, 2023, 8:30 AM, Department 9**.

3.       <u>Phased Discovery</u>. Discovery will be phased with the stay lifted once the Answer is filed and served or, if applicable, after the Court rules on the pleading challenge. The Court will permit class certification discovery only.  Informal discovery is permitted.  Merits-based discovery will be allowed after a successful class certification motion.  If there is a dispute concerning whether or not a given request is certification or merits-based, the parties must set up a telephonic conference with the court.

4.       <u>Class list discovery</u>.  The decision in <u>In Re Insurance Installment Fee</u> cases (2012) 211 Cal.App.4th 1395, 1426-1429, held that the notice procedure prescribed by the trial court and followed by the defendant was necessary to protect privacy rights under the California Constitution.  The parties therefore shall use the procedure described in <u>Belaire-West Landscape v Superior Court</u> (2008) 149 Cal.App.4th 554 to notify putative class members, as described in the applicable paragraph of the currently operative complaint, giving them the opportunity to opt out.  The parties must share the cost of the procedure equally.

      a.       Plaintiff is to take the lead and prepare a proposed letter to be sent out by the agreed-upon third party administrator.  The parties must discuss and settle upon a final version.

      b.       The letter must be written using the administrator's letterhead, not that of any party.

      c.       The defense must turn over the contact information consisting of name, address, phone number, and email address (if available) to the third-party administrator.

      d.       In the event the putative class list is greater than 400 people, the administrator must randomly select a sample of no more than 400.   The contact information for those persons who did not opt out must be turned over to the plaintiff.

5.      Protective Order.  Parties are alerted that model protective orders may be found at Los Angeles Superior Court website at http://www.lacourt.org/division/civil/CI0043.aspx.  The parties are encouraged to use these model orders as shown, or if modified, as a template for the modified order.  A redlined courtesy copy must be posted on the e-service bulletin board and lodged with the court at the time of filing. The parties must use the redlined version to identify any changes proposed to the model order.

6.      E-service & E-filing.  Electronic service is not the same as electronic filing.  The parties have agreed, and the Court has signed an order authorizing Case Anywhere as the e-service to be used in this case.  Argument must not be posted on the bulletin board.  For information on electronic filing in the Complex Courts, please refer to https://www.lacourt.org/division/efiling/efiling2.aspx and http://www.lacourt.org/division/efiling/pdf/ComplexefilingFAQs.pdf.

7.      Class Certification Motion.  Class Certification Motion filing and serving date is **October 7, 2024.** The plaintiff is reminded that the plaintiff's brief must contain a trial plan.  The trial plan must be filed as a separate brief. Counsel must call the Court to obtain a hearing date and briefing schedule **PRIOR** to filing and serving the motion.  The Court sets a **Non-Appearance Case Review for October 14, 2024, 8:30 AM, Department 9**.

8.      Telephonic conferences.  The Court handles pleading and discovery motions informally, using telephonic conferences and LA CourtConnect. Counsel must call the clerk to arrange a date for a telephonic conference and then call the clerk back to confirm that all relevant parties have scheduled the telephonic conference with LA CourtConnect.  The telephonic conference will automatically be taken off calendar if all relevant parties have not scheduled the telephonic conference with LA CourtConnect. Parties must file and serve a 5-page joint brief two days before the conference. Since these conferences are informal, no court reporter or audio recording is permitted.

9.      Potential Related Cases.  Counsel are ordered to file and serve a Notice of Related Case for any potentially related cases pursuant California Rule of court Rule 3.300.  This is a continuing obligation on both plaintiffs and defendants while this case is pending.

10.     Settlement.  File a Notice of Settlement on Judicial Council form CM-200, a mandatory form.  If settlement includes dismissal of class action claims (such as an individual settlement), then Plaintiff must comply with CRC 3.769 and 3.770 in order to obtain dismissal of class claims.  Do NOT use Judicial Council Form Civ-110, Request for Dismissal.

IT IS SO ORDERED.

DATED: October 6, 2023

YVETTE M. PALAZUELOS
Judge of the Superior Court

Yvette M. Palazuelos / Judge

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 9

**23STCV17318**                                                     October 6, 2023
**SONYA VALENZUELA vs TECOVAS, INC.**                                10:00 AM

Judge: Honorable Yvette M. Palazuelos          CSR: None
Judicial Assistant: R. Arraiga                 ERM: None
Courtroom Assistant: M. Tavakoli               Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Initial Status Conference;

The matter is NOT called for hearing.

The Court has read and considered the parties' Joint Status Conference Report filed on 09/29/2023.

The Court's tentative Case Management Order was issued and served on the parties via email on 10/03/2023.

The parties submitted to the Court's tentative Case Management Order via email on 10/03/2023.

The Court now adopts its tentative Case Management Order as the final order of the Court. Said order is signed and filed this date and is incorporated into the case file.

The Court signs and enters the Order Authorizing Electronic Filing and Service designating Case Anywhere as the web-based e-filing and e-service provider for filing and service in this case. A message board will be established through the e-service provider to facilitate communication between the Court and the parties. As a general rule, the parties should confer prior to placing postings on the message board directed to the Court, and to the extent practical, indicate the parties' respective positions on the subject addressed in the posting. Argument must not be posted on the bulletin board.

The Court lifts the stay to permit Defendant to file and serve a Motion to Dismiss/ a Demurrer and/or a Motion to Strike by **11/09/2023**. The Defendant must call the Court **PRIOR** to filing and serving to obtain a hearing date and briefing schedule.

If the motions are **NOT** filed and served by said date then an Order to Show Cause Re: Sanctions hearing will be set.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 9

**23STCV17318**                                                    October 6, 2023
**SONYA VALENZUELA vs TECOVAS, INC.**                              10:00 AM

Judge: Honorable Yvette M. Palazuelos          CSR: None
Judicial Assistant: R. Arraiga                 ERM: None
Courtroom Assistant: M. Tavakoli               Deputy Sheriff: None

---

**A Non-Appearance Case Review Re: Filing and Serving of Motions is scheduled for 11/16/2023 at 08:30 AM in Department 9 at Spring Street Courthouse.**

The Plaintiff is to file and serve a Motion for Class Certification by **10/07/2024**. The Plaintiff is reminded that the plaintiff's brief must contain a trial plan. The trial plan must be filed as a separate brief. Counsel must call the Court to obtain a hearing date and briefing schedule PRIOR to filing and serving the motion.

If motion is **NOT** filed and served by said date then an Order to Show Cause Re: Sanctions hearing will be set.

**A Non-Appearance Case Review Re: Filing and Serving of Motion for Class Certification is scheduled for 10/14/2024 at 08:30 AM in Department 9 at Spring Street Courthouse.**

The parties are to refer to the Court's Case Management Order for further orders of the Court.

Notice is deemed waived as the parties previously submitted to the Court's tentative Case Management Order.

---

Minute Order                                                      Page 2 of 2

**FILED**
Superior Court of California
County of Los Angeles

**10/06/2023**

David W. Slayton, Executive Officer / Clerk of Court

By: _____ R. Arraiga _____ Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| SONYA VALENZUELA,<br><br>Plaintiff(s),<br><br>vs.<br><br>TECOVAS, INC.,<br><br>Defendant(s). | CASE NO. 23STCV17318<br><br>**ORDER AUTHORIZING ELECTRONIC FILING AND SERVICE- CASE ANYWHERE LLC**<br><br>Case assigned for all purposes to Judge Yvette M. Palazuelos |

The Court has deemed this matter to be complex litigation within the meaning of the California Standards of Judicial Administration for Complex Litigation Section 19 and California Rules of Court, rules 3.400 et. seq.  As such, this is a case that requires specialized management to avoid placing unnecessary burdens on the Court or the litigants, and to keep costs reasonable.

Pursuant to Code of Civil Procedure §187 and California Rule of Court, Rules 2.253(b) and 3.751 and the stipulation of the parties, the Court makes this Order to reduce the costs of litigation and to facilitate case management, document retrieval, and case organization.  The Court finds that entry of this Order is necessary for the just, expeditious, and efficient litigation of this Action and that compliance with the terms herein will not result in unnecessary hardship

ORDER AUTHORIZING ELECTRONIC FILING AND  SERVICE

or significant prejudice to any of the parties in this matter.

When a party to this litigation wishes to file or serve a document, that party shall effectuate filing and service of the document by the procedure set forth in this Order:

1.      In order to facilitate case management, document retrieval and case organization, the parties will utilize the services of CASE ANYWHERE LLC and its litigation system (the "System") for providing electronic filing, electronic service, storage and delivery of court-filed and discovery-related documents through a secure website.  Each firm of record and unrepresented litigant is required to sign up with CASE ANYWHERE and will be individually responsible for payment of applicable CASE ANYWHERE fees.  The Court, at its option, may also use CASE ANYWHERE and its System for these purposes as well to communicate with counsel of record.

**SERVICE AND FILING**

2.      The System shall apply to the service and filing of documents.

**SERVICE LIST & SIGN-UP**

3.      Within five (5) days of this Order, counsel for Plaintiff(s) shall submit to CASE ANYWHERE a complete and current service list which will contain email addresses.  Within five (5) days of this Order, all law firms of record shall provide the following information to CASE ANYWHERE:  (i) firm address; (ii) firm telephone number; (iii) firm facsimile number; (iv) identity of attorney(s) of record; (v) list of other firm attorneys to be provided access (if any); (vi) list of firm professional staff to be provided access (if any); (vii) email addresses of all attorneys and professional staff to be provided access; (viii) list of parties represented; and (ix) the name and address of the individual designated to receive billing invoices.  Any unrepresented litigants shall provide similar contact information.  This information shall be provided to CASE ANYWHERE by email at its support address (support@caseanywhere.com), citing the case title in the subject line, or through the Case Initiation Form located on the Case Anywhere website (https://www.caseanywhere.com/get-started/initiate-a-new-case).  Each party is responsible for providing up-to-date contact information for Case Anywhere's service list.  Each user is responsible for ensuring that his email account settings will allow receipt of emails from

1   service@caseanywhere.com.

2   **FILING OF DOCUMENTS**

3       4.      All documents required to be electronically filed under the Presiding Judge's

4   First Amended General Order re: Mandatory Electronic Filing for Civil, dated May 3, 2019, shall

5   be filed in conformity with that Order, the terms of which are incorporated by reference. The

6   Amended General Order is available at:

7   http://www.lacourt.org/division/efiling/pdf/GenOrdCivilEfiling.pdf

8       **SERVICE OF DOCUMENTS AND WEBSITE**

9       5.      When any party wishes to serve a document, that party shall serve the document

10  according to all the requirements and procedures of this Order.  All references to "document" in

11  this Order shall be interpreted to include any exhibits or attachments to the document and shall

12  include both pleadings and discovery-related documents (such as interrogatories, requests for

13  production, deposition notices, etc.); provided, however, that each party shall determine

14  individually whether to utilize the System to serve document productions and correspondence.

15      5.      CASE ANYWHERE shall establish and maintain an Internet website (the

16  "Website") for this litigation.  CASE ANYWHERE will post all documents served by the parties

17  to the Website as provided in this Order and shall serve each document on the parties included

18  on the service list provided to CASE ANYWHERE in accordance with the procedures herein.

19  The Website address is www.caseanywhere.com.

20      6.      Each party shall serve each document via electronic transfer of the document file

21  to CASE ANYWHERE (in Word, WordPerfect, or PDF format) through the Internet.  Each party

22  shall title each document the same as the title of the document on the caption page.  Each

23  document electronically served pursuant to this Order shall be deemed to have been served under

24  the California Rules of Civil Procedure.

25      7.      After CASE ANYWHERE receives a document, CASE ANYWHERE shall

26  convert such document into PDF form (if it is not already uploaded in PDF format) and post it to

27  the Website.  Proposed Orders and other documents directed by the Court to be uploaded in

28  native format should not be designated for conversion to PDF format by the uploading user.

3

8.      CASE ANYWHERE shall send an email to all registered users notifying them that the document has been posted to the Website.  The email shall contain a hypertext link to the document.

9.      Electronic service shall be complete at the time of transmission by a party to CASE ANYWHERE, provided any period of notice or any right or duty to do any act or make any response within any period or on a date certain after the service of the document, which time period or date is prescribed by statute or rule of court, shall be extended after service by electronic transmission by two court days, but the extension shall not extend the time for filing notice of intention to move for new trial, notice of intention to move to vacate judgment pursuant to Section 663a, or notice of appeal.

10.      In the event a document that is to be filed with the Court is rejected by the Court for filing after it has been posted on the Website by CASE ANYWHERE, the rejection was caused by an aspect of the caption of the document, and the party seeking to file the document successfully files it with the Court within two (2) business days of its rejection with revisions to the caption only, then the party filing the document shall promptly submit a notice of successful filing, including the date of the filing and the revised page(s) of the caption, to CASE ANYWHERE for posting on the Website.  In all other circumstances in which a document to be filed with the Court is rejected for filing after CASE ANYWHERE has posted it on the Website, the party that caused the document to be posted shall promptly notify CASE ANYWHERE in writing that the document was rejected by the Court for filing.  CASE ANYWHERE shall cause a permanent notation to be placed on the Website in conjunction with that document memorializing the fact of rejection.

11.      All documents posted on the System will be identified by: (a) the name of the serving law firm; (b) the caption(s) of the case(s) to which the document belongs; and (c) the title of the document set forth on its caption.

12.      The System shall contain an index of all served documents for the litigation that will be searchable and sortable according to methods that are useful.

13.      Access to the System will be limited to registered users.  Registered users will

4

consist of authorized Court personnel, Court-appointed special masters and referees, counsel of record and their designated staff members, parties, consultants, and experts.  CASE ANYWHERE will provide each registered user with a username and password to access the System and the documents served in the litigation.  CASE ANYWHERE personnel will perform all administrative functions for the System, but all initial data as well as additions, deletions or changes to the service list must be provided by the parties.  Any disputes regarding initial data, additions, deletions or changes to the service list shall be submitted by CASE ANYWHERE to the Court for resolution.

14.    Every pleading, document and instrument served electronically shall bear a facsimile or typographical signature of at least one of the attorneys of record (or, if applicable, the signature of an unrepresented litigant), along with the typed name, address, telephone number and State Bar of California number of such attorney.  Typographical signatures shall be treated exactly as personal signatures for purposes of electronically served documents under the California Rules of Civil Procedure.  The serving party of any document requiring multiple signatures (e.g., stipulations, joint status reports) must list thereon all the names of other signatories by means of an "s/____" block for each.  By submitting such a document, the serving party certifies that each of the other signatories has expressly agreed to the form and substance of the document and that the serving party has the actual authority to submit the document electronically.  The serving party must maintain any records evidencing this concurrence for subsequent production to the Court if so ordered or for inspection upon request by a party.

15.    Any document transmitted to the System shall certify in the Proof of Service that a true and correct copy was electronically served by transmission to CASE ANYWHERE.

16.    This Order, and any modifications thereto, shall also apply to any new parties that subsequently enter the action.  All such parties must register with CASE ANYWHERE within five days of their first appearance in the case.

17.    CASE ANYWHERE shall have available to registered users a telephone helpline ((800) 884-3163) and e-mail support (support@caseanywhere.com).

18.    Counsel for Plaintiff shall serve a copy of this Order on all parties.

5

**CONCLUSION OF SERVICE**

19.     Unless otherwise instructed by the Court, CASE ANYWHERE shall maintain the Website and provide access to registered users until the earlier of the two events:  (i) all parties have exhausted their appeals (or all appeal periods have lapsed) or, if the matter is settled as to all parties, all parties have been dismissed from the case; or (ii) the Court instructs CASE ANYWHERE to terminate the service.

20.     Notwithstanding the above, access for individual law firms will be terminated upon the earlier of the following: (i) all parties represented by that firm have been voluntarily dismissed; (ii) the firm no longer represents any party in the litigation; or (iii) a final judgment for or against each party represented by the law firm has been issued and all appeals therefrom have been exhausted or concluded. Access for unrepresented litigants will be terminated upon the earlier of the following:  (i) the party has been voluntarily dismissed; or (ii) a final judgment for or against the party has been issued and all appeals therefrom have been exhausted or concluded.  Each law firm and unrepresented litigant is responsible for informing CASE ANYWHERE of the above.

21.     Each law firm shall notify CASE ANYWHERE if access by any of its registered users shall be terminated for any reason.  Upon receipt of such notification, CASE ANYWHERE will terminate access rights for the indicated individual.  Access to the Website must be maintained for at least one attorney of record from each firm unless access has otherwise been terminated pursuant to the provisions above.

**IT IS SO ORDERED**.

Dated:   October 6, 2023

Yvette M. Palazuelos
Judge of the Superior Court
Yvette M. Palazuelos / Judge

6

**FILED**
Superior Court of California
County of Los Angeles

11/16/2023

David W. Slayton, Executive Officer / Clerk of Court

By: _____ Deputy
        R. Arraiga

Electronically Received 11/16/2023 07:11 AM

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1  TERESA C. CHOW, Bar No. 237694
   **BAKER & HOSTETLER LLP**
2  11601 Wilshire Boulevard, Suite 1400
   Los Angeles, California 90025-0509
3  Telephone:  310.820.8800
   Facsimile:  310.820.8859
4  E-Mail:    tchow@bakerlaw.com

5  Attorneys for Defendant
   TECOVAS, INC.
6
7  SCOTT J. FERRELL, Bar No. 202091
   DAVID W. REID, Bar No. 267382
   VICTORIA C. KNOWLES, Bar No. 277231
8  **PACIFIC TRIAL ATTORNEYS**
   A Professional Corporation
9  4100 Newport Place Drive, Ste. 800
   Newport Beach, CA 92660
10 Telephone:    949.706.6464
   Facsimile:    949.706.6469
11 E-Mails:    sferrell@pacifictrialattorneys.com
               dreid@pacifictrialattorneys.com
12             vknowles@pacifictrialattorneys.com

13 Attorneys for Plaintiff

14          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

15              **FOR THE COUNTY OF LOS ANGELES**

16 SONYA VALENZUELA, individually and on      Case No.: 23STCV17318
   behalf of all others similarly situated,
17                                             [Hon. Yvette M. Palazuelos; Dept. 9]
                Plaintiff,
18                                             **STIPULATION FOR EXTENSION OF
        vs.                                    TIME FOR DEFENDANT TO RESPOND
19                                             TO CLASS ACTION COMPLAINT;
   TECOVAS, INC., a Delaware corporation       [PROPOSED] ORDER THEREON**
20 d/b/a WWW.TECOVAS.COM,
21              Defendant.                      Action Filed:            July 24, 2023
22                                             Current Response Deadline: November 9, 2023
                                              New Response Deadline:    December 11, 2023
23
24
25
26
27
28

**TO THE HONORABLE COURT:**

Pursuant to California Rules of Court, Rule 3.110(e) and subject to Court approval, Plaintiff SONYA VALENZUELA ("Plaintiff") and Defendant TECOVAS, INC. ("Defendant," and together with Plaintiff, the "Parties") hereby enter into this Stipulation for Extension of Time for Defendant to Respond to Class Action Complaint (the "Stipulation") based on the following facts:

**WHEREAS**, Plaintiff filed a Class Action Complaint (the "Complaint") in the above-captioned action ("Action") on July 24, 2023;

**WHEREAS**, pursuant to the Court's October 6, 2023 Minute Order Regarding Initial Status Conference, Defendants' deadline to respond to the Complaint was November 9, 2023;

**WHEREAS**, due to an administrative oversight, the November 9, 2023 deadline was inadvertently not calendared by Defendant's counsel's office and, as a result, Defendant did not file any response to the Complaint and the Parties did not file any stipulation to extend Defendant's response deadline on or before that date;

**WHEREAS**, since in or about mid-October 2023, the Parties have been engaged good faith and ongoing settlement discussions; and

**WHEREAS**, the Parties believe that an extension of Defendant's deadline to respond to the Complaint may facilitate an early resolution of the Action, and conserve the Court's and Parties' resources by avoiding potentially unnecessary expenditure of time on pleadings challenges;

**NOW THEREFORE, IT IS HEREBY STIPULATED**, subject to Court approval, that the deadline for Defendant to file and serve its response to the Complaint is extended *nunc pro tunc* from November 9, 2023 to December 11, 2023.

**IT IS SO STIPULATED.**

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Dated:  November 15, 2023    **BAKER & HOSTETLER LLP**

By: _____
    TERESA C. CHOW

Attorneys for Defendant
TECOVAS, INC.

Dated:  November 15, 2023    **PACIFIC TRIAL ATTORNEYS, APC**

By: _____
    DAVID W. REID

Attorneys for Plaintiff

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**[~~PROPOSED~~] ORDER**

The Court, having considered the Parties' Stipulation and for good cause shown, rules as follows:

**IT IS HEREBY ORDERED** that the Stipulation is **APPROVED.**  Defendant's deadline to respond to the Complaint is extended *nunc pro tunc* from November 9, 2023 up to and including December 11, 2023. V@^Á¦[}Dj^I ^åaå)&^ÁÔåæ^ÁÜ^çã¸ Á^^oÁ{¦Á¦P[ç^{ à^¦Á-ÆÎ ÆG€GÆ/å//&[}ãjˇ^åÁ∫ Ö^&^{ à^¦Á-ÆÎ ÆG€GÆJ/Á⊮⊬€/åã ¸ È

**IT IS SO ORDERED**.

DATED: ___11/16/2023___     

         HONORABLE YVETTE M. PALAZUELOS
         JUDGE OF THE SUPERIOR COURT
         Yvette M. Palazuelos / Judge

Ö^-^}åaå}o-Á[Á¦ãç^Á-Á[oãX^È

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## PROOF OF SERVICE

I am employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 11601 Wilshire Boulevard, Suite 1400, Los Angeles, CA  90025-0509.  On November 16, 2023, I served a copy of the within document(s):

**STIPULATION FOR EXTENSION OF TIME FOR DEFENDANT TO RESPOND TO CLASS ACTION COMPLAINT; [PROPOSED] ORDER THEREON**

☑ **VIA EMAIL** by electronically transmitting a copy of the document listed above via email to the address(es) as set forth below, in accordance with the parties' agreement to be served electronically pursuant to Code of Civil Procedure section 1010.6 and California Rule of Court 2.251(a) or court order. No error messages were received after said transmissions.

☐ **VIA US MAIL** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

SCOTT J. FERRELL, Bar No. 202091                    Attorneys for Plaintiff
DAVID W. REID, Bar No. 267382
VICTORIA C. KNOWLES, Bar No. 277231
**PACIFIC TRIAL ATTORNEYS**
A Professional Corporation
4100 Newport Place Drive, Ste. 800
Newport Beach, CA  92660
Telephone:      949.706.6464
Facsimile:      949.706.6469
E-Mails:        sferrell@pacifictrialattorneys.com
                dreid@pacifictrialattorneys.com
                vknowles@pacifictrialattorneys.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on November 16, 2023, at Los Angeles, California.

_____
Nancy L. Brazil

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

5

Electronically Received 12/13/2023 07:52 PM

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**FILED**
Superior Court of California
County of Los Angeles

**12/14/2023**

David W. Slayton, Executive Officer / Clerk of Court

By: _____ R. Arraiga _____ Deputy

1  TERESA C. CHOW, Bar No. 237694
2  **BAKER & HOSTETLER LLP**
   11601 Wilshire Boulevard, Suite 1400
3  Los Angeles, California 90025-0509
   Telephone: 310.820.8800
4  Facsimile: 310.820.8859
   E-Mail: tchow@bakerlaw.com

5  Attorneys for Defendant
   TECOVAS, INC.

6

7  SCOTT J. FERRELL, Bar No. 202091
   DAVID W. REID, Bar No. 267382
8  VICTORIA C. KNOWLES, Bar No. 277231
   **PACIFIC TRIAL ATTORNEYS**
9  A Professional Corporation
   4100 Newport Place Drive, Ste. 800
10 Newport Beach, CA 92660
   Telephone: 949.706.6464
11 Facsimile: 949.706.6469
   E-Mails: sferrell@pacifictrialattorneys.com
12          dreid@pacifictrialattorneys.com
           vknowles@pacifictrialattorneys.com

13 Attorneys for Plaintiff

14        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

15            **FOR THE COUNTY OF LOS ANGELES**

16 SONYA VALENZUELA, individually and on       Case No.: 23STCV17318
   behalf of all others similarly situated,
17                                              [Hon. Yvette M. Palazuelos; Dept. 9]
              Plaintiff,
18                                              **FURTHER STIPULATION FOR**
                                                **EXTENSION OF TIME FOR DEFENDANT**
19    vs.                                       **TO RESPOND TO CLASS ACTION**
                                                **COMPLAINT; [~~PROPOSED~~] ORDER**
20 TECOVAS, INC., a Delaware corporation        **THEREON**
   d/b/a WWW.TECOVAS.COM,
21
              Defendant.                        Action Filed:              July 24, 2023
22                                              Current Response Deadline: December 11, 2023
                                                New Response Deadline:     January 25, 2024
23

24

25

26

27

28

**TO THE HONORABLE COURT:**

Pursuant to California Rules of Court, Rule 3.110(e) and subject to Court approval, Plaintiff SONYA VALENZUELA ("Plaintiff") and Defendant TECOVAS, INC. ("Defendant," and together with Plaintiff, the "Parties") hereby enter into this Further Stipulation for Extension of Time for Defendant to Respond to Class Action Complaint (the "Stipulation") based on the following facts:

**WHEREAS**, Plaintiff filed a Class Action Complaint (the "Complaint") in the above-captioned action ("Action") on July 24, 2023;

**WHEREAS**, pursuant to the Parties' Stipulation for Extension of Time for Defendant to Respond to Class Action Complaint filed November 16, 2023 (the "First Stipulation"), and the Court's Order of the same date approving the First Stipulation, Defendant's deadline to respond to the Complaint was December 11, 2023;

**WHEREAS**, due to an administrative oversight, the December 11, 2023 deadline was inadvertently not calendared by Defendant's counsel's office and, as a result, Defendant did not file any response to the Complaint and the Parties did not file any stipulation to extend Defendant's response deadline on or before that date;

**WHEREAS**, the Parties have been engaged good faith and ongoing settlement discussions; and

**WHEREAS**, the Parties believe that a further extension of Defendant's deadline to respond to the Complaint may facilitate an early resolution of the Action, and conserve the Court's and Parties' resources by avoiding potentially unnecessary expenditure of time on pleadings challenges;

**NOW THEREFORE, IT IS HEREBY STIPULATED**, subject to Court approval, that the deadline for Defendant to file and serve its response to the Complaint is extended *nunc pro tunc* from December 11, 2023 to **January 25, 2024**.

**IT IS SO STIPULATED.**

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1

Dated:  December 13, 2023                    **BAKER & HOSTETLER LLP**

2

3                                            By:  _____
                                                  TERESA C. CHOW
4

5                                            Attorneys for Defendant
                                             TECOVAS, INC.
6

7

Dated:  December 13, 2023                    **PACIFIC TRIAL ATTORNEYS, APC**

8

9                                            By:  _____
                                                  DAVID W. REID
10

11                                           Attorneys for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

3

### [~~PROPOSED~~] ORDER

The Court, having considered the Parties' Stipulation and for good cause shown, rules as follows:

**IT IS HEREBY ORDERED** that the Stipulation is **APPROVED.** Defendant's deadline to respond to the Complaint is extended *nunc pro tunc* from December 11, 2023 up to and including **January 25, 2024**.

**IT IS SO ORDERED**.

DATED: `12/14/2023` _____

HONORABLE YVETTE M. PALAZUELOS
JUDGE OF THE SUPERIOR COURT

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## PROOF OF SERVICE

I am employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11601 Wilshire Boulevard, Suite 1400, Los Angeles, CA 90025-0509. On December 13, 2023, I served a copy of the within document(s):

**FURTHER STIPULATION FOR EXTENSION OF TIME FOR DEFENDANT TO RESPOND TO CLASS ACTION COMPLAINT; [PROPOSED] ORDER THEREON**

☑ **VIA EMAIL** by electronically transmitting a copy of the document listed above via email to the address(es) as set forth below, in accordance with the parties' agreement to be served electronically pursuant to Code of Civil Procedure section 1010.6 and California Rule of Court 2.251(a) or court order. No error messages were received after said transmissions.

☐ **VIA US MAIL** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

SCOTT J. FERRELL, Bar No. 202091                    Attorneys for Plaintiff
DAVID W. REID, Bar No. 267382
VICTORIA C. KNOWLES, Bar No. 277231
**PACIFIC TRIAL ATTORNEYS**
A Professional Corporation
4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660
Telephone:      949.706.6464
Facsimile:      949.706.6469
E-Mails:        sferrell@pacifictrialattorneys.com
                dreid@pacifictrialattorneys.com
                vknowles@pacifictrialattorneys.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on December 13, 2023, at Los Angeles, California.

_____
Nancy L. Brazil

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 9

**23STCV17318**                                         February 1, 2024
**SONYA VALENZUELA vs TECOVAS, INC.**                              8:30 AM

Judge: Honorable Yvette M. Palazuelos          CSR: None
Judicial Assistant: R. Arraiga                 ERM: None
Courtroom Assistant: A. Soni                   Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Non-Appearance Case Review Re: Filing and Serving of Motions;

Pursuant to written stipulation, the Non-Appearance Case Review Re: Filing and Serving of Motions scheduled for 02/01/2024 is continued to 03/04/2024 at 08:30 AM in Department 9 at Spring Street Courthouse.

Counsel for Defendant is ordered to give notice via the stipulation and order.

**FILED**
Superior Court of California
County of Los Angeles

02/01/2024

David W. Slayton, Executive Officer / Clerk of Court

By: _____ Deputy
R. Arraiga

1   TERESA C. CHOW, Bar No. 237694
    **BAKER & HOSTETLER LLP**
2   11601 Wilshire Boulevard, Suite 1400
    Los Angeles, California  90025-0509
3   Telephone:   310.820.8800
    Facsimile:    310.820.8859
4   E-Mail:       tchow@bakerlaw.com

5   Attorneys for Defendant
    TECOVAS, INC.
6

7   SCOTT J. FERRELL, Bar No. 202091
    DAVID W. REID, Bar No. 267382
8   VICTORIA C. KNOWLES, Bar No. 277231
    **PACIFIC TRIAL ATTORNEYS**
9   A Professional Corporation
    4100 Newport Place Drive, Ste. 800
10  Newport Beach, CA  92660
    Telephone:   949.706.6464
11  Facsimile:    949.706.6469
    E-Mails:     sferrell@pacifictrialattorneys.com
12               dreid@pacifictrialattorneys.com
                 vknowles@pacifictrialattorneys.com

13  Attorneys for Plaintiff

14              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

15                  **FOR THE COUNTY OF LOS ANGELES**

16  SONYA VALENZUELA, individually and on      Case No.:  23STCV17318
    behalf of all others similarly situated,
17                                              [Hon. Yvette M. Palazuelos; Dept. 9]
                    Plaintiff,
18                                              **FURTHER STIPULATION FOR**
          vs.                                   **EXTENSION OF TIME FOR DEFENDANT**
19                                              **TO RESPOND TO CLASS ACTION**
    TECOVAS, INC., a Delaware corporation       **COMPLAINT; [~~PROPOSED~~] ORDER**
20  d/b/a WWW.TECOVAS.COM,                      **THEREON**

21                  Defendant.
                                                Action Filed:              July 24, 2023
22                                              Current Response Deadline: January 25, 2024
                                                New Response Deadline:     February 26, 2024
23

24

25

26

27

28

Electronically Received 01/30/2024 04:55 PM

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**TO THE HONORABLE COURT:**

Pursuant to California Rules of Court, Rule 3.110(e) and subject to Court approval, Plaintiff SONYA VALENZUELA ("Plaintiff") and Defendant TECOVAS, INC. ("Defendant," and together with Plaintiff, the "Parties") hereby enter into this Further Stipulation for Extension of Time for Defendant to Respond to Class Action Complaint (the "Stipulation") based on the following facts:

**WHEREAS**, Plaintiff filed a Class Action Complaint (the "Complaint") in the above-captioned action ("Action") on July 24, 2023;

**WHEREAS**, pursuant to the Parties' Stipulation for Extension of Time for Defendant to Respond to Class Action Complaint filed November 16, 2023 (the "First Stipulation"), and the Court's Order of the same date approving the First Stipulation, Defendant's deadline to respond to the Complaint was December 11, 2023;

**WHEREAS**, pursuant to the Parties' Further Stipulation for Extension of Time for Defendant to Respond to Class Action Complaint filed December 14, 2023, Defendant's deadline to respond to the Complaint was January 25, 2024;

**WHEREAS**, the Parties have been continuously engaged good faith and ongoing settlement discussions, and discussion regarding whether amendment of the Complaint is appropriate; and

**WHEREAS**, the Parties believe that a further extension of Defendant's deadline to respond to the Complaint may facilitate an early resolution of the Action, and conserve the Court's and Parties' resources by avoiding potentially unnecessary expenditure of time on pleadings challenges;

**NOW THEREFORE, IT IS HEREBY STIPULATED**, subject to Court approval, that the deadline for Defendant to file and serve its response to the Complaint is extended *nunc pro tunc* from January 25, 2024 up to and including **February 26, 2024**.

**IT IS SO STIPULATED.**

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Dated:  January 30, 2024                **BAKER & HOSTETLER LLP**

By:  _____
            TERESA C. CHOW

Attorneys for Defendant
TECOVAS, INC.

Dated:  January 30, 2024                **PACIFIC TRIAL ATTORNEYS, APC**

By:  _____
            DAVID W. REID

Attorneys for Plaintiff

1

[~~PROPOSED~~] ORDER

2

The Court, having considered the Parties' Stipulation and for good cause shown, rules as

3

follows:

4

**IT IS HEREBY ORDERED** that the Stipulation is **APPROVED.**  Defendant's deadline

5

to respond to the Complaint is extended *nunc pro tunc* from January 25, 2024, up to and including

6

**February 26 , 2024**. V@Áp[¸}ÊŒ[¦]^æ`aà)&^ÁÔæ•^Áܦ^çã`¸´Á•^oÁ{¦Á�Ŀ^à`*æ`ˆ^ÁŒ

7

d Ã[Áæ`&@ÁÃŒ`G[ÁÁ₭₭Á\À]æ`d{ˆ^}oÁÊÈ

**IT IS SO ORDERED**.

8

9

10

DATED:  _02/01/2024_____

_____

HONORABLE YVETTE M. PALAZUELOS

11

JUDGE OF THE SUPERIOR COURT

12

Ö^•^}å`aà)o{Á[Áã`^Á[cæ8X^È

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

4

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## PROOF OF SERVICE

I am employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 11601 Wilshire Boulevard, Suite 1400, Los Angeles, CA   90025-0509.  On January 30, 2024, I served a copy of the within document(s):

**FURTHER STIPULATION FOR EXTENSION OF TIME FOR DEFENDANT TO RESPOND TO CLASS ACTION COMPLAINT; [PROPOSED] ORDER THEREON**

☑ **VIA EMAIL** by electronically transmitting a copy of the document listed above via email to the address(es) as set forth below, in accordance with the parties' agreement to be served electronically pursuant to Code of Civil Procedure section 1010.6 and California Rule of Court 2.251(a) or court order. No error messages were received after said transmissions.

☐ **VIA US MAIL** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

SCOTT J. FERRELL, Bar No. 202091                    Attorneys for Plaintiff
DAVID W. REID, Bar No. 267382
VICTORIA C. KNOWLES, Bar No. 277231
**PACIFIC TRIAL ATTORNEYS**
A Professional Corporation
4100 Newport Place Drive, Ste. 800
Newport Beach, CA  92660
Telephone:      949.706.6464
Facsimile:      949.706.6469
E-Mails:      sferrell@pacifictrialattorneys.com
                    dreid@pacifictrialattorneys.com
                    vknowles@pacifictrialattorneys.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on January 30, 2024, at Los Angeles, California.

_A. Manda Navarro_
_____
Amanda Navarro

Electronically Received 02/29/2024 08:26 PM

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**FILED**
Superior Court of California
County of Los Angeles

03/01/2024

David W. Slayton, Executive Officer / Clerk of Court

By: _____R. Arraiga_____ Deputy

1  TERESA C. CHOW, Bar No. 237694
   **BAKER & HOSTETLER LLP**
2  11601 Wilshire Boulevard, Suite 1400
   Los Angeles, California 90025-0509
3  Telephone:  310.820.8800
   Facsimile:  310.820.8859
4  E-Mail:     tchow@bakerlaw.com

5  Attorneys for Defendant
   TECOVAS, INC.

6

7  SCOTT J. FERRELL, Bar No. 202091
   DAVID W. REID, Bar No. 267382
   VICTORIA C. KNOWLES, Bar No. 277231
8  **PACIFIC TRIAL ATTORNEYS**
   A Professional Corporation
9  4100 Newport Place Drive, Ste. 800
   Newport Beach, CA 92660
10 Telephone:  949.706.6464
   Facsimile:  949.706.6469
11 E-Mails:    sferrell@pacifictrialattorneys.com
               dreid@pacifictrialattorneys.com
12             vknowles@pacifictrialattorneys.com

13 Attorneys for Plaintiff

14          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

15               **FOR THE COUNTY OF LOS ANGELES**

16 SONYA VALENZUELA, individually and on      Case No.:  23STCV17318
   behalf of all others similarly situated,
17                                            [Hon. Yvette M. Palazuelos; Dept. 9]
                  Plaintiff,
18                                            **FURTHER STIPULATION FOR**
                                              **EXTENSION OF TIME FOR DEFENDANT**
19      vs.                                   **TO RESPOND TO CLASS ACTION**
                                              **COMPLAINT; [PROPOSED] ORDER**
20 TECOVAS, INC., a Delaware corporation      **THEREON**
   d/b/a WWW.TECOVAS.COM,
21
                  Defendant.                  Action Filed:              July 24, 2023
22                                            Current Response Deadline: February 26, 2024
                                              New Response Deadline:     March 19, 2024
23

24

25

26

27

28

**TO THE HONORABLE COURT:**

Pursuant to California Rules of Court, Rule 3.110(e) and subject to Court approval, Plaintiff SONYA VALENZUELA ("Plaintiff") and Defendant TECOVAS, INC. ("Defendant," and together with Plaintiff, the "Parties") hereby enter into this Further Stipulation for Extension of Time for Defendant to Respond to Class Action Complaint (the "Stipulation") based on the following facts:

**WHEREAS**, Plaintiff filed a Class Action Complaint (the "Complaint") in the above-captioned action ("Action") on July 24, 2023;

**WHEREAS**, pursuant to the Parties' Stipulation for Extension of Time for Defendant to Respond to Class Action Complaint filed November 16, 2023 (the "First Stipulation"), and the Court's Order of the same date approving the First Stipulation, Defendant's deadline to respond to the Complaint was December 11, 2023;

**WHEREAS**, pursuant to the Parties' Further Stipulation for Extension of Time for Defendant to Respond to Class Action Complaint filed December 14, 2023 (the "Second Stipulation"), Defendant's deadline to respond to the Complaint was January 25, 2024;

**WHEREAS**, pursuant to the Parties' Further Stipulation for Extension of Time for Defendant to Respond to Class Action Complaint filed February 1, 2024 (the "Third Stipulation"), Defendant's deadline to respond to the Complaint was February 26, 2024;

**WHEREAS**, the Parties have been continuously engaged in good faith and ongoing settlement discussions, and discussion regarding whether amendment of the Complaint is appropriate; and

**WHEREAS**, the Parties believe that a further brief extension of Defendant's deadline to respond to the Complaint may facilitate an early resolution of the Action, and conserve the Court's and Parties' resources by avoiding potentially unnecessary expenditure of time on pleadings challenges;

/ /

/ /

/ /

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**NOW THEREFORE, IT IS HEREBY STIPULATED**, subject to Court approval, that the deadline for Defendant to file and serve its response to the Complaint is extended from February 26, 2024 up to and including **March 19, 2024**.

**IT IS SO STIPULATED.**

Dated:  February 29, 2024          **BAKER & HOSTETLER LLP**

By:   _Teresa Chow_____
          TERESA C. CHOW

Attorneys for Defendant
TECOVAS, INC.

Dated:  February 29, 2024          **PACIFIC TRIAL ATTORNEYS, APC**

By:   _/s/ David W. Reid_____
          DAVID W. REID

Attorneys for Plaintiff

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# [~~PROPOSED~~] ORDER

The Court, having considered the Parties' Stipulation and for good cause shown, rules as follows:

**IT IS HEREBY ORDERED** that the Stipulation is **APPROVED.**  Defendant's deadline to respond to the Complaint is extended from February 26, 2024, up to and including **March 19, 2024**.

**IT IS SO ORDERED**.

DATED: 03/01/2024

HONORABLE YVETTE M. PALAZUELOS
JUDGE OF THE SUPERIOR COURT

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## PROOF OF SERVICE

I am employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 11601 Wilshire Boulevard, Suite 1400, Los Angeles, CA  90025-0509.  On February 29, 2024, I served a copy of the within document(s):

**STIPULATION FOR EXTENSION OF TIME FOR DEFENDANT TO RESPOND TO CLASS ACTION COMPLAINT; [PROPOSED] ORDER THEREON**

☑ **VIA EMAIL** by electronically transmitting a copy of the document listed above via email to the address(es) as set forth below, in accordance with the parties' agreement to be served electronically pursuant to Code of Civil Procedure section 1010.6 and California Rule of Court 2.251(a) or court order. No error messages were received after said transmissions.

☐ **VIA US MAIL** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

SCOTT J. FERRELL, Bar No. 202091                    Attorneys for Plaintiff
DAVID W. REID, Bar No. 267382
VICTORIA C. KNOWLES, Bar No. 277231
**PACIFIC TRIAL ATTORNEYS**
A Professional Corporation
4100 Newport Place Drive, Ste. 800
Newport Beach, CA  92660
Telephone:    949.706.6464
Facsimile:    949.706.6469
E-Mails:    sferrell@pacifictrialattorneys.com
            dreid@pacifictrialattorneys.com
            vknowles@pacifictrialattorneys.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on February 29, 2024, at Los Angeles, California.

_____
Nancy L. Brazil

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

5

Electronically Received 03/22/2024 12:06 PM

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**FILED**
Superior Court of California
County of Los Angeles

**03/25/2024**

David W. Slayton, Executive Officer / Clerk of Court

By: _____ R. Arraiga _____ Deputy

1  TERESA C. CHOW, Bar No. 237694
**BAKER & HOSTETLER LLP**
2  1900 Avenue of the Stars, Suite 2700
Los Angeles, California 90067-4508
3  Telephone:   310.820.8800
Facsimile:   310.820.8859
4  E-Mail:       tchow@bakerlaw.com

5  Attorneys for Defendant
TECOVAS, INC.
6
SCOTT J. FERRELL, Bar No. 202091
7  DAVID W. REID, Bar No. 267382
VICTORIA C. KNOWLES, Bar No. 277231
8  **PACIFIC TRIAL ATTORNEYS**
A Professional Corporation
9  4100 Newport Place Drive, Ste. 800
Newport Beach, CA  92660
10  Telephone:   949.706.6464
Facsimile:   949.706.6469
11  E-Mails:      sferrell@pacifictrialattorneys.com
                     dreid@pacifictrialattorneys.com
12                     vknowles@pacifictrialattorneys.com

13  Attorneys for Plaintiff

14         **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

15              **FOR THE COUNTY OF LOS ANGELES**

16  SONYA VALENZUELA, individually and on      Case No.:  23STCV17318
behalf of all others similarly situated,
17                                                                        [Hon. Yvette M. Palazuelos; Dept. 9]
18                     Plaintiff,
                                                                         **FURTHER STIPULATION FOR**
19         vs.                                                     **EXTENSION OF TIME FOR DEFENDANT**
                                                                         **TO RESPOND TO CLASS ACTION**
20  TECOVAS, INC., a Delaware corporation      **COMPLAINT; [PROPOSED] ORDER**
d/b/a WWW.TECOVAS.COM,                        **THEREON**
21
                     Defendant.
22                                                                        Action Filed:                     July 24, 2023
                                                                         Current Response Deadline:  March 19, 2024
23                                                                        New Response Deadline:    April 11, 2024
24

25

26

27

28

**TO THE HONORABLE COURT:**

Pursuant to California Rules of Court, Rule 3.110(e) and subject to Court approval, Plaintiff SONYA VALENZUELA ("Plaintiff") and Defendant TECOVAS, INC. ("Defendant," and together with Plaintiff, the "Parties") hereby enter into this Further Stipulation for Extension of Time for Defendant to Respond to Class Action Complaint (the "Stipulation") based on the following facts:

**WHEREAS**, Plaintiff filed a Class Action Complaint (the "Complaint") in the above-captioned action ("Action") on July 24, 2023;

**WHEREAS**, pursuant to the Parties' Stipulation for Extension of Time for Defendant to Respond to Class Action Complaint filed November 16, 2023 (the "First Stipulation"), and the Court's Order of the same date approving the First Stipulation, Defendant's deadline to respond to the Complaint was December 11, 2023;

**WHEREAS**, pursuant to the Parties' Further Stipulation for Extension of Time for Defendant to Respond to Class Action Complaint filed December 14, 2023 (the "Second Stipulation"), Defendant's deadline to respond to the Complaint was January 25, 2024;

**WHEREAS**, pursuant to the Parties' Further Stipulation for Extension of Time for Defendant to Respond to Class Action Complaint filed February 1, 2024 (the "Third Stipulation"), Defendant's deadline to respond to the Complaint was February 26, 2024;

**WHEREAS**, pursuant to the Parties' Further Stipulation for Extension of Time for Defendant to Respond to Class Action Complaint filed February 29, 2024 (the "Fourth Stipulation"), Defendant's deadline to respond to the Complaint was March 19, 2024;

**WHEREAS**, the Parties have been continuously engaged in good faith and ongoing settlement discussions, and discussion regarding whether amendment of the Complaint is appropriate; and

**WHEREAS**, the Parties believe that a further brief extension of Defendant's deadline to respond to the Complaint may facilitate an early resolution of the Action, and conserve the Court's and Parties' resources by avoiding potentially unnecessary expenditure of time on pleadings challenges;

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1   **NOW THEREFORE, IT IS HEREBY STIPULATED**, subject to Court approval, that

2   the deadline for Defendant to file and serve its response to the Complaint is extended from March

3   19, 2024 up to and including **April 11, 2024**.

4   **IT IS SO STIPULATED.**

5

6   Dated:  March 21, 2024            **BAKER & HOSTETLER LLP**

7

8   By: _____
                                    TERESA C. CHOW

9   Attorneys for Defendant
    TECOVAS, INC.

10

11

12  Dated:  March 21, 2024            **PACIFIC TRIAL ATTORNEYS, APC**

13

14  By:     _/s/ David W. Reid_____
                                    DAVID W. REID

15  Attorneys for Plaintiff

16

17

18

19

20

21

22

23

24

25

26

27

28

3

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

<del>**[PROPOSED]**</del> **ORDER**

The Court, having considered the Parties' Stipulation and for good cause shown, rules as follows:

**IT IS HEREBY ORDERED** that the Stipulation is **APPROVED.** Defendant's deadline to respond to the Complaint is extended from March 19, 2024, up to and including **April 11, 2024**.

**IT IS SO ORDERED**.

DATED: ___03/25/2024___          _____

HONORABLE YVETTE M. PALAZUELOS

JUDGE OF THE SUPERIOR COURT

The Non-Appearance Case Review set for March 27, 2024 is continued to April 18, 2024, 8:30 a.m., Department 9.

Defendant to give notice.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

FURTHER STIPULATION FOR EXTENSION OF TIME FOR DEFENDANT
TO RESPOND TO CLASS ACTION COMPLAINT; <del>[PROPOSED]</del> ORDER THEREON

**PROOF OF SERVICE**

I am employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 1900 Avenue of the Stars, Suite 2700, Los Angeles, CA 90067-4508.  On March 22, 2024, I served a copy of the within document(s):

**FURTHER STIPULATION FOR EXTENSION OF TIME FOR DEFENDANT TO RESPOND TO CLASS ACTION COMPLAINT; [PROPOSED] ORDER THEREON**

☑    **VIA EMAIL** by electronically transmitting a copy of the document listed above via email to the address(es) as set forth below, in accordance with the parties' agreement to be served electronically pursuant to Code of Civil Procedure section 1010.6 and California Rule of Court 2.251(a) or court order. No error messages were received after said transmissions.

SCOTT J. FERRELL, Bar No. 202091                    Attorneys for Plaintiff
DAVID W. REID, Bar No. 267382
VICTORIA C. KNOWLES, Bar No. 277231
**PACIFIC TRIAL ATTORNEYS**
A Professional Corporation
4100 Newport Place Drive, Ste. 800
Newport Beach, CA  92660
Telephone:    949.706.6464
Facsimile:    949.706.6469
E-Mails:    sferrell@pacifictrialattorneys.com
            dreid@pacifictrialattorneys.com
            vknowles@pacifictrialattorneys.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on March 22, 2024, at Los Angeles, California.


_____
                    Tyler Patton

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

5

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

04/18/2024

David W. Slayton, Executive Officer / Clerk of Court

By: _R. Arraiga_ Deputy

COURTHOUSE ADDRESS:
Spring Street Courthouse
312 North Spring Street, Los Angeles, CA 90012

PLAINTIFF:
Sonya Valenzuela

DEFENDANT:
Tecovas, Inc.

**CERTIFICATE OF ELECTRONIC SERVICE**
**CODE OF CIVIL PROCEDURE 1010.6**

CASE NUMBER:
23STCV17318

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served one copy of the  Minute Order

entered herein, on ___04/18/2024___, upon each party or counsel of record in the above entitled action, by electronically serving the document(s) on _____Case Anywhere_____ at  www.caseanywhere.com  on ___04/18/2024___ from my place of business, Spring Street Courthouse  312 North Spring Street, Los Angeles, CA 90012

in accordance with standard court practices.

David W. Slayton, Executive Officer / Clerk of Court

Dated: _04/18/2024_            By: _R. Arraiga_

Deputy Clerk

**CERTIFICATE OF ELECTRONIC SERVICE**
**CODE OF CIVIL PROCEDURE 1010.6**

CODE Civ. Proc. § 1013(f)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 9

**23STCV17318**                                                           April 18, 2024
**SONYA VALENZUELA vs TECOVAS, INC.**                                     8:30 AM

Judge: Honorable Elaine Lu                    CSR: None
Judicial Assistant: R. Arraiga                ERM: None
Courtroom Assistant: M. Tavakoli              Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Non-Appearance Case Review Re: Filing and Serving of Motions;

On 03/25/2024, the Court approved the parties' stipulation to extend Defendant's deadline to respond to the Class Action Complaint to 04/11/2024.

However, the Court finds that Defendant has not since filed any responsive pleading.  Nor have the parties sought a further extension of Defendant's deadline to respond to the Class Action Complaint.

Accordingly, an **Order to Show Cause Re: Sanctions for Entry of Default is scheduled for 05/14/2024 at 10:00 AM in Department 9 at Spring Street Courthouse.**

Plaintiff's Counsel is ordered to appear (may appear remotely via LA Court Connect) on 05/14/2024 at 10:00 am and explain why sanctions (including monetary sanctions of at least $500) should not be imposed for failure to cause entry of default as to all served defendants who have not responded.

If defaults have not all been entered at that time, then no later than five days (**05/09/2024**) before the Order to Show Cause hearing, Plaintiff's Counsel is also to file a declaration explaining: the failure to obtain entry of defaults as to all served defendants who have not responded and explaining any and all efforts undertaken to seek their defaults.

The Court's Judicial Assistant shall give notice to Plaintiff, and Plaintiff is to give notice to all other parties and file proof of service of such.

Clerk's Certificate of Service By Electronic Service is attached.

Minute Order                                                             Page 1 of 1